CASE 71.—ACTION BY LEWIS C. POPE AGAINST THE NEW YORK LIFE INSURANCE CO.—June 11. 1902.

## New York Life Insurance Co. v. Pope, &c.

Appeal from Bracken Circuit Court.

From the judgment the defendant appeals.—Reversed.

1. Insurance—Lost Policy—Breach of Contract—Measure of Damages.—Appellant issued a policy of insurance on the life of appellee, and after he had paid five annual premiums the policy was destroyed by fire and appellee applied to the company for a duplicate policy. A copy of the original policy was made, except the signatures of the officers were not attached, but a certificate given that the policy was valid and binding. Appellee made one more payment and ap-

plied to the company for a loan of $212 at 5 per cent. interest, according to the stipulation in the policy. Appellant refused to make the loan for reason alleged that appellant did not surrender the original policy as a collateral security. This action for damage was brought for a breach of the terms of the contract, and the court awarded as damages the difference between the premium which he was paying under the policy and the premium he would have to pay under a new policy at his present age during the twenty years the present policy had to run, it being fixed at $29.54, amounting to $590.80, from which this appeal is prosecuted. Held, that the measure of damages claimed in the petition and fixed by the court was erroneous. The measure of damages for failure to loan money should be fixed at the rate of interest the borrower would have to pay in excess of the rate agreed on in the proposed loan.

2. Evidence.—The contract of insurance remains unbroken, although the original policy is destroyed. The policy is but the evidence of the contract. The contract may be enforced, although no policy was issued. The petition should be dismissed.

J. B. CLARK and HUMPHREY, BURNETT & HUMPHREY for appellant.

GEO. DONIPHAN and H. P. WILLIS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Reversing.

On May 5th, 1894, appellant insured the life of appellee Lewis C. Pope by its policy No. 609010 in the sun of $2,000. Appellee paid six annual premiums of $92.20 each. His house was destroyed by fire, and he claims the policy was burnt. He applied to appellant to issue to him a duplicate policy. Appellant issued the following certificate attached to what is admitted to be a copy of the policy, except the signatures of the company's president and secretary were not attached:

"This certifies that a policy of insurance, No. 609010, upon the life of Lewis C. Pope, of which a copy is hereto annexed, was issued under date of May

5th, 1894, by the New York Life Insurance Company, duly signed by the proper officers thereof, and that the premiums thereon have been paid to May 5th, 1899. Charles C. Whitney, Secretary.''

On May 5th, 1899, appellee Pope paid the premium then due, and carried the policy forward to May 5th, 1900. Soon after the payment of the premium of May 5th, 1899, appellee Pope made application to the company for the loan of $212, and sent to the company the copy of the policy above named, duly assigned, to be held by the company as collateral security. Among the privileges or benefits of the policy are the following:

''The company will make advances as loans upon this policy at the 5th or any subsequent anniversary of the insurance, within the accumulation period, under the following conditions:

''First. That premiums are paid in full to the time when the loan is made including the premium for the entire insurance year then beginning.

''Second. That the aggregate amount of loans outstanding from the sixth to the tenth years inclusive shall not exceed $212.00; from the eleventh to the fifteenth years, inclusive, shall not exceed $440.00; and from the sixteenth to the twentieth years, inclusive, shall not exceed $674.00.

''Third. That the policy shall be duly assigned to the company as collateral security for the loans, and deposited at the home office.

''Fourth. That interest at the rate of 5 per cent. per annum shall be paid upon all such loans at the anniversary of the insurance next succeeding and annually thereafter until the loans are paid off.

''Fifth. That the loans shall be for such time as

the borrower may elect, not longer however, than to the end of the accumulation period.''

The company refused to make the loan upon the ground that the original policy was not transferred and delivered to it as collateral. It claimed that it undertook to loan the money upon that condition only; that before appellee could enforce a compliance with its undertaking to loan the money he must conform to the condition stipulated by the contract. Appellees brought this suit for a rescission of the contract, seeking to recover all the premiums paid, and interest, and damages in addition, which were alleged to be the difference between the cost to appellee of obtaining similar insurance at his advanced age over that required by his age when the contract was made.

The circuit court adjudged damages in accordance with appellee's contention, as follows:

''It is shown by the pleadings and evidence in the action that the annual premium paid by plaintiff on said policy was $92.20, and that the amount of such premium he would be compelled to pay on a similar policy at the age of 51 years would be $121.74, and the difference is $29.54, and that the amount per annum for a period of twenty years, the life of the policy sued on, amounting to the total amount of $590.80, is the amount plaintiffs ought to recover as damages herein.''

The court refused to adjudge the return of the premiums paid. This contract of insurance bound the insurer, appellant (1) to pay $2,000, and a further contingent sum in event of the death of appellee as stated in the policy. (2) It further bound appellant to give the insured choice of certain enumerated benefits and provisions referred to in the policy, in event he should outlive the accumulation period, ending

May 5th, 1914. (3) Appellant also undertook and agreed to advance or loan appellee not exceeding a certain amount during certain periods, and upon the conditions named in that part of the policy which has already been quoted above.

It is not denied that at the institution of this suit, and at the time of appellee's application for the loan, he had paid all the premiums required of him by this contract. As appellee did not die, and as the accumulation period provided for in the policy had not matured, we have not to do in this suit with the two first named undertakings of the company. The third only is involved. Reduced to its final analysis, it is, the insurance company for a consideration agreed to loan the insured a certain sum of money within a given period, at 5 per cent. per annum interest, upon the security of his policy with the insurer as collateral.

It is admitted that the application for the loan of $212, the sum fixed by the terms of the policy, was made by appellee at a time when by the contract he was entitled to have made it. It is further admitted that the loan was refused. Assuming that the copy of policy attached to the certificate of the company's secretary, entitled the insured to all benefits given him by the original paper, the question then is, what was the measure of damages to which appellee was entitled?

In contemplation of law, money is always in the market at the legal rate of interest. If it cannot be had from one, it may be from another. There is no other thing so generally dealt in, and so universally prevalent, as money. The law has fixed its value incontestably. If it is due to be paid on a contract, and is not paid, the law likewise fixes the measure of dam-

ages for the breach; that is, the legal rate of interest. In this State that is six per cent. per annum. If, then, appellant had actually agreed for a consideration to pay appellee $212, on the date named, and had failed, no matter what might have been appellee's inconveniences or loss because of the failure, the law has fixed the measure of his recovery at six per cent. per annum on the sum due and damages. But here the agreement was not to pay but to loan appellee $212.00. When loaned, appellee would have owed it to appellant, and been bound to repay it. It is not charged that appellee desired to apply the loan to any special use, of which appellant had notice, nor is it charged that appellee could not have procured the loan from other sources. If appellant had agreed to furnish appellee 212 bushels of wheat on that date, and had failed, the measure of damages would not have been the distress and disasters to which he and his family may have been subjected by not having had the wheat, but it would have been the difference in the market value of the wheat at that time and place and the contract price. In any event appellee would have had to pay for the wheat. So, in this case, he would have had to pay for the money; that is, he would have had to repay the $212, and in addition the agreed rate of interest for the time used, not exceeding the lawful rate. Therefore, it would seem that if he could have got the same sum of money elsewhere on a loan, at 5 per cent. interest, he was not damaged at all. If he was compelled to pay and did pay more interest than 5 per cent., *then* the difference, up to the legal rate, is the extent of his injury, and consequently must be the measure of his damage. (Turpie v. Lowe, 114 Ind. 37; Lowe v. Turpie, 37 L. R. A., 240; Sedgwick on Damages, 622.)

The contract of insurance was evidenced by the written policy. The subsequent loss or destruction of this paper neither annulled nor affected the contract. The insured had the same rights under it after, as he had before, its loss. The paper itself, while generally called the contract, is in fact but the evidence of the contract. The paper was not a negotiable instrument, and therefore if it should turn up hereafter in another's possession, it would be subject to every defense that it would have been in the hands of appellee. While it might have required every reasonable assurance of the loss of the original paper, appellant could not because of such accident treat any of its obligations at an end.

The court is of opinion that appellee continued to be insured by the original policy according to its terms notwithstanding its loss or destruction, and notwithstanding the form of the duplicate issued by appellant, and that all the rights given to appellee by the original policy continued and will continue to him according to its terms, dependent alone upon his paying the annual premiums as stipulated in the policy.

The judgment is reversed, with directions to dismiss the petition.