Smith v. Chesapeake & Ohio Ry. Co.

---

CASE 109—ACTION BY HELEN L. SMITH AGAINST THE CHESAPEAKE & OHIO RY. CO. FOR KILLING HORSE.—OCTOBER 21.

# Smith v Chesapeake & Ohio Ry. Co.

118    825
e134    81

APPEAL FROM BOYD CIRCUIT COURT—S. G. KINNER, CIRCUIT JUDGE.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS.   DISMISSED.

APPEAL—JURISDICTION—AMOUNT IN DISPUTE—SHAM PLEADING.

In an action against a railroad company for killing plaintiff's horse, the value of the animal was alleged to be $150, and plaintiff's evidence was that the animal was fairly worth that sum, and no more. Pending a motion to instruct the jury to find for defendant, plaintiff was allowed to file an amended petition alleging that she had been damaged $75 in addition to the damage claimed in the original petition. This amendment was claimed to have been filed to make the pleadings conform to the proof, but contained no allegation that the horse was worth more than $150 and showed no foundation for the aditional damages, and was contrary to the proof as to the value of the horse. A verdict for defendant was directed. Ky. St. 1903, sec. 950, declares that

no appeal shall be taken to. the court of appeals if the value in. controversy be less than $200, exclusive of interest and costs. HELD, that the amendment was a sham one, which should not have been permitted by the court, and which gave the court of appeals no jurisdiction of an appeal.

R. C. BURNS, ATTORNEY FOR APPELLANT.

We contend that although the plaintiff's horse had run upon defendant's railroad without plaintiff's fault, and got one of its legs fastened in a viaduct on said track and broke its leg, and was killed by defendant's servants, in order to get it off the track, that plaintiff was entitled to recover the value of the horse with its broken leg. Where there is a scintilla of evidence to find for the plaintiff, a peremptory instruction to find for defendant is error. Ky. Statutes 809; 7 J. J. Mar., 411; 3 J. J. Mar., 298.

E. L. WORTHINGTON AND W. H. WADSWORTH, FOR APPELLEE.

CLASSIFICATION OF POINTS AND AUTHORITIES.

1. The appeal should be dismissed because the real amount in controversy is only $150. Elliott on Appellate Procedure, sec. 56; Cully v. L. & N. R. R. Co., 101 Ky., 319; Bowman v. Chicago, &c., Ry. Co., 115 U. S., 611.

2. The peremptory instruction was proper.

OPINION OF THE COURT BY JUDGE BARKER—DISMISSING.

The appellant, Helen L. Smith, who lives in Catlettsburg, Ky., was the owner of a horse, which in fright ran on the railroad bridge of appellee, and there fell, its legs going through the open timbers of the trestle. An employe of appellant found it in this helpless condition, and, obtaining the assistance of several men, tried to extricate it from its peril. They were engaged at this work about two hours without success. Afterwards, one of appellee's section bosses with his crew, arrived, and assisted in the attempt to rescue the animal, working for about an hour without result. The animal in the meantime, by struggling, broke its leg. Appellee's east-bound passenged train reached the scene, and was forced to stop and wait for the track to be cleared. With this condition of affairs confronting him, the section boss ordered one of

Smith v. Chesapeake & Ohio Ry. Co.

his men to kill the animal, and throw it off the bridge, which was done, over the protest of appellant's agents, who insisted that, if given sufficient time, they could save it.

This action was instituted by appellant to recover damages of appellee for the loss of her property as above described. The value, as laid in the original petition, was $150. Upon trial of the case, after all the plaintiff's (appellant's) evidence was in, the defendant (appellee) moved the court to instruct the jury to find for it. Before this motion was acted upon, the appellant tendered, and was permitted, over the objection of appellee, to file, an amended petition, which contained two allegations: First, that the horse was killed with an ax, instead of a club; and, second, that appellant had been damaged in the sum of $75 in addition to the $150 set out in the original petition. This pleading was controverted of record, and after it was filed the court sustained the motion of appellee for a peremptory instruction to the jury to find for it. Of this appellant is now complaning.

The first question to be disposed of is the motion of appellee to dismiss this appeal for want of jurisdiction. Section 950, Ky. St., 1903, on this subject, provides: "No appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property if the value in controversy be less than two hundred dollars, exclusive of interest and cost." In the original petition the value of the horse was alleged to be $150, and appellant's evidence sustained this, showing that before the injury it was fairly worth that sum, and no more. The amendment, which was filed for the avowed purpose of making the pleadings conform to the proof, contains no allegation showing that the animal was worth more than $150; nor is any foundation given for the additional $75 in damages. The

amended pleading does not conform to the proof on the subject of the value of the animal, but is contrary to it, and it is apparent that it was offered after it became obvious to appellant that the court would sustain the motion for a peremptory instruction to so increase the damages as to bring the case within the jurisdiction of this court, and is therefore a sham pleading. Taking a comprehensive view of the whole record, we are of opinion that the matter in controversy is not of the value of $200. The animal is alleged to have been worth only $150 before it was hurt. Without any fault on the part of appellee, it broke its leg on the bridge, and it is a matter of common knowledge that a horse with a broken leg is practically worthless; certainly its value is not enhanced by this misfortune. There is no evidence to support the allegation concerning the additional damages of $75, and the court erred in permitting the amendment to be filed. A similar question arose in the case of Bowman v. Chicago & Northwestern Ry. Co., 115 U. S., 611, 6 Sup. Ct., 192, 29 L. Ed., 502. In the opinion in that case it was said: "Upon the face of this record it is apparent that the actual value of the matter in dispute is not sufficient to give us jurisdiction. It is now well settled that our jurisdiction in an action upon a money demand is governed by the value of the actual matter in dispute in this court, as shown by the whole record, and not by the damages claimed, or the prayer for judgment alone. (Omitting cases cited.) As was said in Hilton v. Dickinson (108 U. S., 165, 2 Sup. Ct., 424, 27 L. Ed., 688): 'It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern all questions of jurisdiction; but it is equally true that when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the

sum demanded, will prevail.' Here the suit is to recover damages for not transporting from Chicago to Marshall-town one thousand kegs of beer. There are no allegations of special damage or malicious conduct. In the original declaration the claim was for only $1,200, and it was not until the case was actually decided, or about to be decided, on its merits, that application was made for leave to increase the amount of the demand. Then it was manifestly done not in expectation of recovering more than was originally claimed, but to give color to the jurisdiction of this court. As it stands, the case is not materially different in principle from that of Lee v. Watson, *supra* (1 Wall., 337, 17 L. Ed., 557), where, after a demurrer was sustained, the demand for damages was increased, by leave of the court, so as to be in excess of our jurisdictional limit, although it was apparent from the whole record that in no event could there be a recovery except for a much less sum. Under these circumstances the court did not hesitate to dismiss the cause for the reason it was clear that the amendment was made for the sole purpose of giving color to jurisdiction." There was nothing in the evidence to show that the killing of the horse was done in a highhanded or malicious manner, upon which to base a claim for punitive damages, but, on the contrary, the servants of appellee did all they could to assist appellant's agents in their efforts to extricate it, and it was not until all hope of accomplishing this had been abandoned, and the necessity of appellee's train being allowed to go became imperative, did they kill it; and this was required not only to meet the urgency of appellee's being allowed to forward its train, but as well by the dictates of humanity to relieve the wounded animal of its suffering.

It follows that the subject of the controversy in this case is of less value that the sum of $200, and we are therefore without jurisdiction to entertain the appeal.

The motion to dismiss is sustained.