CASE 12.—ACTION BY MARY CAIN AGAINST THE CITY OF LOUISVILLE. May 25, 1909.

## City of Louisville v. Cain

Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division),

THOMAS R. GORDON, Judge.

Judgment for plaintiff, defendant appeals.— Reversed.

1. Intoxicating Liquors—Bonds of Dealers—Requisites and Sufficiency.—A bond given by a liquor dealer, which does not name any sum to be forfeited on failure to comply with the law, can not be enforced, although the sureties in justifying state that they have property of the value of $500, as such sum was not carried by inference into the bond, and it did not appear that the city issuing the license had fixed by ordinance any penal sum to be inserted in such bonds.

City of Louisville v. Cain.

2. Courts—Appellate Jurisdiction—Kentucky—Amount of Judg-
ment.—The Court of Appeals has jurisdiction of an appeal
from a judgment for $137 against the defendant, who has at-
tempted in good faith to file an amended answer setting out
a counterclaim of $500, and had reasonable grounds to be-
lieve that it had a cause of action on the counterclaim.

3. Intoxicating Liquors—Revocation of License—Recovery of
Unearned Portion of Fee.—Under Ky. St. Sec. 3029, providing
that upon the surrender of a license the board shall make a
reasonable allowance for the unexpired term, one to whom
a license has been issued can not recover the unearned por-
tion of the fee after the license has been revoked for viola-
tion of the law.

CLAYTON B. BLAKEY and ELMER C. UNDERWOOD for ap-
pellant.

POINTS AND AUTHORITIES.

1. If the License Board of the City of Louisville had no jurisdic-
tion to revoke appellee's license, she could have disregarded its
orders, or, by injunction or prohibition, could have prevented the
enforcement of its decrees.

2. If the License Board of the City of Louisville had jurisdiction
to revoke appellee's license, her remedy is by appeal.

3. Where a liquor license has been revoked for a violation of
law, the delinquent saloon keeper can not maintain an action to
recover the unearned portion of the fees paid by him for his li-
cense. Wood v. School District, 115 N. W. 308; Curry v. Town-
ship of Tawas, 45 N. W. 381; 84 Mich. 355; City of Fitzgerald v.
Wichard, 61 S. E. 227; 130 Ga. 552; Melton v. Moultrie, 114 Ga.
462; 40 S. E. 302; Anderson v. City of Galesburg, 118 Ill. App.
525; Parrent v. Little, 58 Atl. 510; McGinnis v. Inhabitants of
Midway, 57 N. E. 210; 176 Mass. 67; Scalzo v. Sackett, 62 N. Y.
S. 820.

4. The fact that the appellee was fined in the police court for
the same violation of law for which her license was revoked does
not confer upon her the right to recover the unearned portion of
the license fees paid by her, nor is the refusal to allow such re-
covery the infliction of a double penalty for the same offense.
City of Paducah v. Jones, 104 S. W. 971.

5. Where a saloon keeper has broken the conditions of his bond
by violating the law with respect to the sale of liquor, a cause of
action arises in favor of the city against the saloon keeper and
his sureties.

EDWARDS, OGDEN & PEAK for appellee.

City of Louisville v. Cain.

1. This being an ordinary action and law and facts submitted to the court without the intervention of a jury, and no separation of conclusion of law and facts, no motion for a new trial, no bill of exceptions or evidence, the only question to be considered on the appeal is the sufficiency of the pleadings to support the judgment. Harper v. Harper, 10 Bush, 451; Beeler v. Sandidge, 20 L. R. 1581.

2. Neither the statute nor charters of cities of the first class have any provision with respect to the amount of the bond to be executed by an applicant for liquor license. Ky. Statutes, Secs. 3035 and 3031.

3. The bond on which the appellant seeks to recover by the amended answer, which the trial court refused to permit to be filed, must be tested by the letter thereof, and not the intendment; and there being no stipulated amount of recovery fixed in the bond for violation thereof, tnere can be no recovery on same. Bragg v. Murray, 6 Munf. (Va.) 32; Everett v. Stecker, 6 Oregon 55; Copeland v. Cunningham, 63 Ala. 394; Church v. Noble 24 Ill. 291.

4. The city had the right by ordinance to require one procuring a license to sell spiritous liquors to execute bond in a stipulated amount, but the appellant, city, having failed to adopt such an ordinance there can be no recovery on the bond set up in the amended answer. Paducah v. Jones, 31 L. R. 1203; Commonwealth v. Ginn, 23 L. R. 526; Begler v. Paddy, 16 N. Y. 469.

5. An amendment to a pleading which presents no defense will not be permitted to be filed over the objection of the adverse party. Patrick v. Sweeney, 5 Bush, 421.

6. The only question to be determined by this appeal is the sufficiency of the pleading to support the verdict, and the pleadings are amply sufficient to support the verdict. Ky. Statutes, Secs. 3034 and 3029; Scott v. Board of Trustees Town of New Castle, 116 S. W. 788.

7. The appellant, city, ought not, under principles of good morals or law, revoke a license and retain the unused portion thereof. Scott v. Board of Trustees Town of New Castle, 116 S. W. 788.

8. The statute expressly provides that a reasonable allowance for the unexpired term of license shall be made by the license board upon a surrender of the license. Ky. Statutes, 3029.

OPINION OF THE COURT BY JUDGE NUNN—Reversing.

Appellee obtained a license from appellant authorizing her to retail liquors in the city of Louisville for a term of one year, beginning with August 5, 1907.

.About the 1st of September of that year she was arrested tried and convicted for violating the liquor laws by selling a glass of beer on Sunday. Immediately thereafter the license board gave appellee notice to appear before it on the 9th day of September to give reason, if any she had, why her license should not be revoked for the violation of the law on her part. It appears that the board heard the matter and revoked her license, and she did not appeal therefrom as provided by section 3034, Ky. St. After this she tendered and offered to surrender her license as a liquor dealer and demanded a return of the unearned portion of her license fee under section 3029, Ky. St. (Russell's St. Sec. 987), which was refused. She then instituted this action to recover same. The city filed its answer on the 11th day of April, 1908, controverting appellee's claim by the first paragraph, and to the second paragraph the court sustained a demurrer. Thereafter on the 10th day of October, 1908, the city tendered and offered to file an amended answer and counterclaim and a cross petition against appellee and the sureties on her bond, which was executed under section 3031, Ky. St. seeking to recover from them the sum of $500. The bond is as follows: "Whereas, Mary Cain, residing at No. 1100 Rowan street, in the city of Louisville, Ky., has applied for license to retail liquors at No. 1100 Rowan street, in said city: Now we, the said Mary Cain, as principal, and Edwin G. Binder, of No. 1908 Baxter street, and Jacob Fisher, of No. 3518 Grand street, in said city, as her sureties hereby covenant to and with the city of Louisville that if the said license is granted to the said Mary Cain she will comply with the requirments of the laws during the existence of said license. Witness our hands this 22d day of June,

1907. Mary Cain. Edwin G. Binder. Jacob Fisher.'' The court refused to allow the amendment to be filed. The city excepted. The cause was tried, and the court rendered judgment in behalf of appellee for the sum of $137, which it found to be the unearned portion of the license fee.

It will be observed that there is no sum named in the bond which was to be forfeited in case Mary Cain failed to comply with the requirements of the law. Appellant's counsel insist that as the sureties, in making affidavit as to their solvency preparatory to signing the bond, stated that they had property subject to sale of the value of $500, and by inference it was carried into the bond, and therefore the parties to the obligation were liable for the penalty of $500, as appellee had violated the law with regard to the sale of liquor. We cannot agree to this construction of the statute. The general rule is that sureties can only be made liable by the terms of the obligation which they execute. You can not reach them by mere inference. City of Paducah v. Jones (126 Ky. 809) 104 S. W. 971. 31 R. 1203. It does not appear that the city of Louisville had fixed by ordinance any penal sum to be inserted in such bonds, as had been done by the city of Paducah in the case just cited. Therefore we are of opinion that the lower court did not err in refusing to allow this pleading to be filed.

Appellee's counsel contends that this court has no jurisdiction of the appeal from the judgment of $137. This would be true if that was the only matter to be considered on the appeal, but appellant presented a counterclaim of $500 of which this court has jurisdiction. The precise question presented here was before this court in the case of District of Highlands v.

Michie, 107 S. W. 216, 32 R. 761. In that case
Michie sued the city of Highlands for the sum of
$150. It controverted the claim and presented a
counterclaim for $200. The court, on motion of
Michie, struck the counterclaim from the pleading
and record, to which the city excepted. A trial was
had, and Michie recovered $100. In considering that
case the court said: "It is suggested in the brief for
appellee that this court is without jurisdiction to en-
tertain the appeal, because the judgment is less than
$200. This theory overlooks the fact that the defen-
dant is entitled to a trial upon the sufficiency of its
counterclaim, which was stricken from the record,
and this carries with it the right to review the sound-
ness of the judgment in favor of the plaintiff, al-
though less than $200 in amount. Co-Operative Man-
ufacturing, Produce & Home Co. v. Rusche (Ky.) 99
S. W. 677." 30 R. 790. If it had been made to appear
that appellant in this case did not believe it had a
cause of action against appellant and her sureties on
the bond referred to, and only presented the counter-
claim with the view of giving this court jurisdiction
of the appeal, its claim would be disregarded by this
court; but believing that its counsel acted in good
faith in the matter and had reasonable grounds to
believe that it had a cause of action on the bond,
we think it has a right to have the lower court's rul-
ing reviewed. In the case of Smith v. C. & O. Ry Co.,
118 Ky. 825, 82 S. W. 410, 26 R. 758, Smith sued for
the value of a horse killed, and fixed it at $150. The
testimony showed that the horse was worth about that
sum. At the conclusion of the testimony he discov-
ered that the court was about to give the jury a per-
emptory instruction to find against him, and he then

filed an amended petition asking an additional $75 in damages. This court held that the amendment was a sham one, and for the purpose of giving this court jurisdiction of an appeal, and disregarded it.

The only question left for determination is: Did appellee have a right to recover the unearned portion of the license fee she paid? Her counsel contend that she had such right under section 3029, Ky. St., which is, in part, as follows: ''A license granted shall be good for only one year and shall not be transferable without the consent of the license board. Upon the surrender of a license, the board shall make a reasonable allowance for the unexpired term,'' etc. We construe this to mean that the person must have a license—that is, he must have a right to sell liquor at the time of the surrender—otherwise he has nothing to give up. In the case at bar, according to the agreed state of facts, appellee's license had been revoked by the board before she attempted to make the surrender; that is, her right to sell liquor under the license she had obtained was at an end, she had no more power to sell liquor than if she had never obtained a license, and, of course, had nothing to surrender which would entitle her to recover that part of the license fee unearned.

For these reasons the judgment of the lower court is reversed and remanded for further proceedings consistent herewith.