## Cumberland Telephone & Telegraph Co. v. Logsdon.

(Decided March 8, 1911.)

### Appeal from McLean Circuit Court.

1. **Appellate Jurisdiction—Sham Plea not Considered.**—Where a counterclaim for damages does not state a cause of action, and it is evident that it is a sham plea filed for the purpose of obtaining jurisdiction for an appeal to the Court of Appeals, it will not be considered in determining the amount in controversy.

J. W. BOSTON for appellant.

MILTON CLARK for appellee.

Opinion of the Court by Judge Miller—Dismissing.

The appellee Logsdon, a farmer of McLean county, sued the appellant Telephone Company for $500 damages, for breach of contract in delaying for about four months to furnish telephone service to appellee. Appellant counterclaimed as follows:

"Defendant states that if the court should adjudge that it has committed a breach of contract with the plaintiff, or with Rhoades, all of which it denies, then, and in that event it is entitled to all the rents and profits for the services plaintiff claims defendant should have rendered, which reasonably would be worth as much to the defendant as to the plaintiff for the time plaintiff claims to have been deprived of the use of telephone service, and likewise defendant was deprived of the like value for being prevented from rendering the services for said time, all of which it says would reasonably be worth the sum of $500.."

The court sustained a demurrer to this counterclaim; whereupon appellant amended it to read as follows:

"Defendant further says that it was put to much trouble and annoyance by the plaintiff, J. T. Logsdon, and before it could get to the construction of a line of telephone that it might give him connection with its exchange aforesaid he threatened and did sue it seeking to compel it to place him in connection with its exchange, before it could do so in its regular course of work, as it owed duties to the public as well as to the plaintiff, and in so doing defendant had to abandon other work and was placed at much unusual and unnecessary expense to give plaintiff said connection, and was thereby damaged

in the sum of $500, and it pleads same as a counterclaim against the plaintiff, J. T. Logsdon, and against any claim of the said Logsdon, and it asks judgment over against the plaintiff for the sum of $500."

The amended counterclaim was controverted of record; and the jury having found a verdict for the plaintiff for $35, the counterclaim was dismissed. From that judgment and a judgment for plaintiff for $35 the company appeals.

As the statute forbids an appeal to this court from a judgment for less than $200, that portion of the judgment which granted appellee a judgment for $35 cannot be reviewed, unless the counterclaim for $500 be added to appellee's recovery in considering the question of the amount in controversy. Clearly, the counterclaim did not state a cause of action; and it is evident, that it was a sham plea filed for the purpose of obtaining jurisdiction for an appeal to this court. And, although the circuit judge did not strike it from the record, as he might have done under sub-section 8, of section 113 of the Civil Code, he properly dismissed it upon the trial. Being a sham plea and without merit, it will not be considered in determining the amount in controversy. This leaves the appellee's judgment for $35 as the amount in controversy, and it being less than $200, this court is without jurisdiction to review it. Ky. Sts., sec. 950; C. & O. Ry. Co. v. Roe, 21 Ky. Law Rep., 1145; Montgomery v. Montgomery, 25 Ky. Law Rep., 1682.

The appeal is dismissed with damages.