## Barton-Parker Manufacturing Company v. Wheeler.

(Decided May 4, 1915.)

### Appeal from Magoffin Circuit Court.

Appeal and Error—Decisions Reviewable—Amount or Value in Controversy—Sham Pleading.—A sham plea for damages will not be considered in determining the amount in controversy upon appeal; where it is evident that the plea was inserted for the sole purpose of conferring jurisdiction upon appeal, the court will decline to entertain the appeal.

HARRY H. RAMEY for appellant.

W. W. FERGUSON and JOHN H. GARDNER for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Dismissing appeal.

The Barton-Parker Manufacturing Company sued B. I. Wheeler, in the Magoffin Circuit Court, to recover upon a note in the sum of one hundred and eighty dollars, subject to credits to the amount of one hundred and eight dollars, which note had been executed to it by Wheeler in payment for an assortment of jewelry.

Defendant, by answer, pleaded that the contract under which he purchased the jewelry contained a stipulation whereby the plaintiff agreed that if the sales made by defendant, out of the jewelry assortment, during the twelve months next after its purchase by him, should not equal the sum of one hundred and eighty dollars, plaintiff company would re-purchase from defendant sufficient of the assortment to make up the deficiency; that his sales had been only five dollars; and that plaintiff had failed and refused to perform its covenant in respect of re-purchase of the jewelry as above set forth.

The plaintiff company then filed a reply, which contains this language: "Plaintiff says that under . the terms of the contract referred to, the defendant, in consideration of their 'buy back' clause in the contract, agreed and promised to make quarterly reports and remittances, which the said defendant failed and refused and is still refusing to do; and that they have thereby been damaged in the sum of $515.00"

A trial was then had, which resulted in a verdict in favor of defendant against plaintiff in the sum of $108.00; and the court adjudged a return of the jewelry to plaintiff. Plaintiff appeals.

1.   The appellant contends that its plea of damages in the sum of $515.00 is sufficient to confer upon this court jurisdiction of its appeal.

The amount which plaintiff sued for, other than the item of $515.00, was but $72.00; and this, added to the amount recovered by defendant against plaintiff on his counter-claim, $108.00, makes only $180.00; hence this court has not jurisdiction of the appeal, unless the $515.00 item confers it.   Morgan v. Johnson, 158 Ky., 417.

But it is evident that no cause of action is stated in respect of this $515.00 item, and that it was merely a sham plea inserted for the sole purpose of conferring jurisdiction upon appeal to this court.   While the trial

court did not strike it from the record, as might properly have been done under Sub-section 8 of Section 113, Civil Code, the court disregarded and gave no instruction in respect to it, and none was offered by plaintiff, and this court will refuse to entertain the appeal. Cumberland Tel. Co. v. Logsdon, 142 Ky., 639, 134 S. W., 1159; Smith v. C. & O., 118 Ky., 825, 82 S. W., 410, 26 R., 758; 2 Cyc., 559.

The appeal is, therefore, dismissed.