## Clark v. Life & Casualty Ins. Co.

(Decided October 28, 1932.)

DULIN MOSS for appellant.

MARION RIDER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

The motion made by appellee to dismiss this appeal, because the amount involved is not sufficient to

give this court jurisdiction thereof, will have to be sustained for the reasons hereinafter set out. The action is one by appellant and plaintiff below against the appellee and defendant below to recover $162, the amount of an industrial insurance policy issued on the life of Ora Clark, wife of plaintiff, on June 9, 1930. She died on July 21 thereafter. Plaintiff, as her husband, having the right to collect the proceeds of the policy, under a provision contained therein, filed this action against defendant in the Franklin circuit court to recover the amount thereof. He alleged in his petition that all the premiums (15 cents per week) had been paid, and that the policy was in full force and effect at the time of his wife's death. The policy provided that the premiums were payable at the home office of the company, but might be paid to any authorized representative of the company, provided such a payment, to be binding on the company, "must be entered at the time in the Premium Receipt Book provided by the Company for entry of premiums payable on this policy."

The petition did not aver that the entries of the payments of the premiums were made in any such book, nor was the book filed as an exhibit therewith, and defendant moved the court to require that it be filed, which motion was sustained. In response thereto, an amended petition was filed in which it was alleged that the company had never furnished to the insured any such book, and for that reason none could be filed. A demurrer was sustained to the petition as so amended, and plaintiff filed a second amendment, in which he reiterated former allegations in his pleadings, and averred that receipts were given by the collecting agent for the premiums, but none of them were filed, nor do we find any averred reason for not doing so. Another demurrer filed to the petition as so amended was sustained, when plaintiff filed a third one. In it he affirmed his former pleadings, and then alleged that the policy was taken out to provide a burial fund for the insured, and which fact was known and understood by both parties to the contract; that in negotiating with the undertaker the local agent of defendant denied its liability under the policy, because the premiums had not been paid, but which plaintiff contradicted; that because thereof the undertaker would not extend credit for the expenses of the burial outfit, and plaintiff was compelled to beg and borrow from friends and ac-

quaintances whatever amounts he could in order to produce the required fund to properly bury his wife, and that he was thereby caused great humiliation and suffering, both mentally and physically, and whereby he was damaged in the sum of $5,000, for which he prayed judgment in addition to the amount of the policy.

Defendant then moved the court to require plaintiff to elect which cause of action he would prosecute, and that motion was sustained; but plaintiff declined to make an election, and the court then did so for him, and directed that the action proceed as originally brought; i. e., for collection of the $162, the amount of the policy. It then sustained the third demurrer filed to the petition as amended, and, plaintiff declining to plead further, the action was dismissed, followed by his prosecuting this appeal under an order of the circuit court granting it.

There are many classes of cases where consequential damages may be recovered for the violation of a contract, when such recovery may be considered as fairly within the contemplation of the parties as proximately flowing from the breach. But we have been unable to find any case, nor have we been furnished one by counsel for plaintiff, where such damages may be recovered upon the breach of a promise solely to lend or pay money, except to the extent of placing the complaining party in the exact position that he would have occupied had the contract not been breached; an illustration of which is, where one promises under an enforceable agreement to lend another a sum of money at a fixed rate of interest and breached the contract, followed by a substitute borrowing by the complainant at a higher rate of interest. In such case the courts hold that the difference in the interest that the borrower was compelled to pay because of the breach would be a proper item of recovery. In all other cases where no such principle is involved, the measure of recovery for the failure to pay money is the amount agreed to be paid with legal interest, if no other rate is agreed upon; but, where there is an agreed rate of interest, then the measure of recovery would be the amount agreed to be paid with the agreed rate of interest, if not usurious. Some of the domestic cases approving the stated measure of recovery for violations of a contract to lend or pay money are, New York Life Ins. Co. v. Pope, 139 Ky. 567, 68 S. W. 851, 24 Ky. Law Rep. 485; W. R.

Craig & Company v. Johnson, 225 Ky. 440, 9 S. W. (2d) 110, and cases referred to in those opinions.

Counsel for plaintiff cites and relies upon that line of cases rendered by this court allowing recovery for mental anguish against breaches of a contract by telephone and telegraph companies in neglecting and failing to transmit death messages whereby the injured person (either the sender or the sendee) was prevented from being with the one about whom the message was sent, before his death, or to attend his funeral. However, the violated contracts involved in those cases are far removed from a promise to pay or lend a stipulated amount of money. From the peculiar and exceptional nature of such message sending cases, this court, as well as others, approved the rule permitting recovery for mental anguish when no physical injury was sustained.

That doctrine stands out as a conspicuous exception to the universal rule that damages for mental anguish is not recoverable for the violation of a contract unaccompanied with physical injury. Fortifying that statement are the cases of Western Union Telegraph Company v. Melvin, 175 Ky. 480, 194 S. W. 563; Gardner v. Cumberland Telephone & Telegraph Company et al., 207 Ky. 249, 268 S. W. 1108, and many others referred to in those opinions. The cases so relied on are so clearly inapplicable to the facts of this one that we deem it unnecessary to protract the discussion. It therefore follows that the new matter set up for the first time in the third amendment to the petition, and by which the total recovery was attempted to be augmented by the sum of $5,000, was wholly foreign to the original controversy, and also failed to state a cause of action, and the court properly sustained defendant's motion to elect, and also properly made the election itself upon plaintiff's refusal to do so.

It is equally true that the departure contained in the third amendment constituted only a sham plea which the court on its own motion, under the provisions of subsection 8 of section 113 of the Civil Code of Practice, was authorized to strike from the record either with or without motion. But it may be disregarded by the court, and full effect given to its sham character, without an express order so striking it, as was held by us in the cases of Cumberland Tel. & Teleg. Co. v. Logsdon, 142 Ky. 639, 134 S. W. 1159; Barton-Parker Manu-

facturing Co. v. Wheeler, 164 Ky. 452, 175 S. W. 980, and Smith v. Chesapeake & O. R. Co., 118 Ky. 825, 82 S. W. 410, 26 Ky. Law Rep. 758. In the latter cited cases, and particularly in the Logsdon and Wheeler ones, we held that, where the pleading on its face was insufficient to state a cause of action, and wherein it clearly appeared that the amount sought to be recovered by the prayer of the pleading was wholly unfounded from the allegations made in the body of it, the amount so claimed would not be considered for the purpose of giving this court appellate jurisdiction, and that it should be ignored, which was done in those cases.

The principles we have announced could be fortified by a largely increased list of precedents in the way of opinions and text-writers, but they are so fundamental that we deem it unnecessary to lengthen the opinion thereby. There being only $162 involved in the action, we have no jurisdiction of the appeal, howsoever prosecuted, since under no method providing for a review by this court (see sections 950-1 to and including 950-3 Kentucky Statutes) can it entertain an appeal where the amount involved is less than $200. Having no jurisdiction, we refrain from expressing an opinion on the merits of the court's ruling in sustaining the various demurrers filed to the petition as amended.

Wherefore the motion of appellee to dismiss the appeal is sustained, and it is dismissed.