COLUMBIAN MUTUAL LIFE ASSURANCE SOCIETY *v.* WHITEHEAD.

4-4518

Opinion delivered February 8, 1937.

*Stevens & Stevens,* for appellant.

*McKay & McKay* and *Whitley & Utley,* for appellee.

GRIFFIN SMITH, C. J. Appellee is insured under appellant's life, health, and accident policy, by the terms of which he is entitled to stipulated loan values. Appellee applied to appellant for a loan, and it was refused, whereupon suit was filed in chancery. A demurrer to the complaint was overruled and appellant declined to plead further.

After finding what amount appellee was entitled to receive as a loan, the decree recites that "Defendant is hereby ordered, upon plaintiff's request for the proper blanks for making a loan, to furnish plaintiff with same, and when plaintiff properly executes said blanks and delivers them duly executed * * .* to make the loan."

Appellant is a foreign corporation. When the policy of insurance was issued to appellee in August, 1920, appellant had been admitted to do business in this State. Summons was served on the commissioner of insurance. There is no showing that appellant maintains any office in the state, or that any of the corporation's executive officers are within the jurisdiction of the court.

We are of the opinion that, under the pleadings, specific performance will not lie. "An agreement to borrow a sum of money and give security for it cannot be specifically enforced; and this is also true of an agreement to lend money, whether on security or not." 58 C. J., p. 1055. "As a general rule specific performance will not be enforced of an executory agreement either to borrow or lend money." 25 R. C. L., p. 231.

Annotations at page 895, 4 A. L. R., are as follows: "Provisions giving the insured a right to borrow on the policy after a certain number of premiums have been paid are now commonly found in life insurance policies. This right in many instances is a potent factor in inducing the taking of a policy. It is a part of the contract, and the insured is entitled to loans in accordance with the conditions stated in such provisions, and clearly has the right to maintain an action for damages in case the insurer refuses to make a loan according to its contract."

In *New York Life Ins. Co.* v. *Pope,* 139 Ky. 567, 68 S. W. 851, it was said: "The measure of damages for breach of a contract by defendant to make plaintiff a loan is the difference between the rate of interest at which the defendant agreed to furnish the money and the rate, not exceeding the legal rate, which plaintiff was required to pay elsewhere, in the absence of an averment that the money was desired for a special use known to the defendant, and that it could not be procured else-

where." Also, in *Hubbard* v. *Equitable Life Assur. Soc.*, 81 W. Va. 663, 95 S. E. 811, 4 A. L. R. 886, it was held that "a breach of an agreement to make a loan upon a life policy, where the insured was compelled to borrow money on other collateral and pay a higher rate of interest, insured may recover the excess interest and reasonable value of his services in procuring the loan, but not for the use of his other collateral."

There is no allegation that appellee was unable to borrow elsewhere. Neither is it claimed that appellee, through appellant's refusal to make the loan, would be subjected to inconveniences or losses of a special nature known to appellant for which compensation could not be computed in an action at law.

We conclude that the demurrer should have been sustained. The decree is reversed, and the cause remanded with directions to sustain the demurrer.