## ARCHER v. CONTINENTAL ASSUR. CO.

Civ. A. 2008.

United States District Court
W. D. Kentucky
Louisville.

Sept. 9, 1952.

Richard C. Oldham, Louisville, Ky., for the plaintiff.

Thomas W. Bullitt, Bullitt, Dawson & Tarrant, Louisville, Ky., for the defendant.

SHELBOURNE, Chief Judge.

This action was filed in the Jefferson Circuit Court October 2, 1950, and seasonably removed to this Court by the defendant because of diversity of citizenship.

The petition alleges that on or about the 10th of August 1950, plaintiff Ira F. Archer was acting as agent of the Continental Assurance Company, under the "usual brokerage contract"; that defendant represented to plaintiff, through its general agent in Louisville, Allen M. Reager Company, that if the application of Major Gustov William Peters, an officer of the United States Army, stationed at Fort Campbell, Kentucky, were tendered with the usual physical examination report and the initial premium that it would be accepted and the policy issued by the Company; that the plaintiff took the application for $10,000, ordinary life insurance policy, but that upon its submission to the Company, the application was declined, by which action, the plaintiff claims he has been damaged in

"his business reputation", and has been caused much "humiliation and mortification with his prospective clients" in the sum of $5,000; that he would have been paid in commissions on the premiums, if the policy had remained in force for nine years $253.75.

He seeks to recover judgment in the sum of $5,253.75.

The sufficiency of this petition was never challenged by a motion to dismiss and on the date of the trial of the case, to the Court, without a jury, an amended petition was filed in which the plaintiff alleged that the "action of the defendant company caused him loss of business which damaged him in the amount of $5,000."

The case was tried November 28, 1951.

The answer of the defendant was a traverse of substantially all of the allegations of the petition.

At the trial, the plaintiff, Lindsay McMahon, an agent of the New York Life Insurance Company, stationed at Louisville, Kentucky, and plaintiff's attorney Richard C. Oldham testified.

For the defendant, Harry Metcalfe, President of Allen M. Reager Company, defendant's agent at Louisville, testified and there were read depositions taken on interrogatories of Robert J. Campbell, Assistant Vice President of the defendant company and Paul C. Green, Agency Secretary of defendant company.

Plaintiff testified that Harry Metcalfe stated to plaintiff that the defendant company was writing policies of life insurance on personnel of the Army, which were unrestricted, that is which did not have what is referred to in the evidence as "war risk and aviation exclusion".

Major Peters was a paratrooper, stationed at Fort Campbell, Kentucky.

Plaintiff stated that Mr. Metcalfe, as a matter of precaution, before plaintiff made a trip from Louisville to Fort Campbell to take Major Peters' application for the policy, called the home office in Chicago; that plaintiff was present when the telephone conversation took place and that at the conclusion of the telephone conversation, Metcalfe stated to plaintiff and Mr. McMahon "There it is, go write the business", and that they were given the necessary rate books, applications and medical forms and that he and McMahon did go to Fort Campbell and took Major Peters' application, which was submitted to the Company, but declined.

Mr. McMahon testified that he was present and that Mr. Metcalfe did make the call to confirm the fact that the business could be written for the Continental Assurance Company without the war clause limitation. McMahon says that after the telephone conversation, Mr. Metcalfe stated that blanks would be received for policies to be issued without the war clause and that both he and plaintiff Archer were given forms for applications.

Mr. Campbell testified that in August 1950, he was in charge of the underwriting of the Continental Assurance Company at Chicago and that he did receive the telephone call from Harry Metcalfe from Louisville, but he denies making any commitment whatever for the Company and that he gave no assurance whatever and authorized Metcalfe to give none that the Company would accept any particular type of risk and further advised that the applications would be considered, but that the Company could make any changes in its underwriting practice at any time without notice.

He states that Major Peters' application was declined because of his connection with the paratroopers in an Airborne Division, which in all probability would require parachute jumps and participation in combat.

The Court makes the following—

Findings of Fact

1. The Continental Assurance Company is a corporation, created under the laws of the State of Illinois, with its chief office in Chicago.

2. Plaintiff, Ira F. Archer, is a citizen and resident of the State of Kentucky.

3. The Allen M. Reager Company is a corporation formed under the laws of Kentucky and in August 1950, and subsequent thereto, was the general agent for the Con-

tinental Assurance Company at Louisville, Kentucky.

4. The Allen M. Reager Company derives its sole compensation from Continental from commissions on life insurance policies written by Continental.

The Reager Company does not promulgate any policies for the Continental, and is not authorized to accept applications or issue policies, its function being to receive and transmit applications to the home office for acceptance or rejection.

5. Ira F. Archer is an experienced life insurance agent and had no connection as agent with the defendant Continental Assurance Company prior to the transaction here involved. In this transaction, he was acting as a broker and a brokerage agreement was signed by him August 15, 1950, evidencing his brokerage agency for the Company. That agreement, among other things, provided—

> "This Agreement is subject to the right of the Company to decline acceptance of any business not acceptable to it, or to change or withdraw any form of policy; and this Agreement is subject to termination by either party at any time upon written notice to the other."

6. Ira F. Archer took the application of Major Gustov William Peters for $10,000 ordinary life insurance policy, upon which the annual premium was $267.12. Of the annual premium, one-half thereof—$133.-56—would have been the commission of plaintiff Archer, assuming that ten annual premiums would be paid by Major Peters, the plaintiff Archer would receive a total in commissions of $253.75.

There is no evidence of loss of business or any condition out of which plaintiff Archer could have suffered any humiliation, embarrassment or damage. By his own testimony, the year 1950 was his banner year, during which he produced a volume of $711,000 in policies and in 1951, his volume was $700,000 up to the latter part of November.

### Conclusions of Law

I. This Court has jurisdiction of the subject matter and of the parties.

II. There is no merit in plaintiff's suit. According to his statement, Metcalfe said to him—"There it is, go write the business".

 A Court cannot spell out of this, authority on the part of Metcalfe to bind the Continental Assurance Company to issue a particular policy, nor can this authority be sufficient foundation for damage to plaintiff's business or his feelings or prestige.

It is elementary that at common law and in Kentucky, compensatory damages from mental anguish, unaccompanied by physical injury is not an element of damage for breach of contract. The exception to this rule is damages arising out of a failure to transmit a death message by a public communication agency, but the general rule is that breaches of contract cannot be a means for the recovery of damages for mental suffering.

Combs v. Southern Bell Telephone & Telegraph Company, 238 Ky. 341, 347, 38 S.W.2d 3; Clark v. Life & Casualty Insurance Company, 245 Ky. 579, 53 S.W.2d 968, 84 A.L.R. 1420.

The petition will be dismissed and the defendant awarded its costs. Judgment to that effect will be tendered by Counsel for defendant on notice to plaintiff.