CHARLES STICH, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

City Court of the City of New York, Special Term, New York County, April 15, 1955.

*Leo D. Fitzgerald* for defendant.

*Gustave B. Garfield* for plaintiff.

BAER, J. This is a motion under rule 106 of the Rules of Civil Practice to dismiss the complaint upon the ground that the court has not jurisdiction of the subject matter of the action.

The movant contends that although the complaint reads in contract and breach thereof, it is in fact a demand for specific performance to compel defendant to make a policy loan.

The facts, insofar as they affect this motion, are agreed. Defendant issued a $10,000 policy on plaintiff's life. The policy contract provides that while the policy is in force, after three years' premiums have been paid, defendant, on the sole security of the policy, will advance a sum not exceeding the cash value of the policy. Such value is also set forth in a table which is part of the contract. The policy was in force for over thirty years. It is a fully paid up policy. The cash and loan value is $6,250. The plaintiff applied for a loan, under the terms of the policy, of $6,000. The loan was refused. Although the reasons for such refusal were explained in argument, I cannot be concerned on this motion with the situation of the parties. Only the complaint can be considered. (*Mallory Associates* v. *Barving Realty Co.,* 300 N. Y. 297, 302.)

This complaint states a good cause of action against defendant for breach of its contract of insurance with the plaintiff. There are no cases on the precise question in this jurisdiction. There is certainly no precedent for requiring a policyholder to bring this action in equity for specific performance. In fact, it is questionable whether such an action would lie as it seems obvious that the plaintiff has an adequate remedy at law.

The only case in this State where specific performance to make a loan was granted is *Caplin* v. *Penn Mut. Life Ins. Co.* (182 App. Div. 269, affd. without opinion 229 N. Y. 545.) There, the defendant did not raise the question of equity jurisdiction but actually agreed upon such procedure; but see the dissenting opinion of PUTNAM, J., to the effect that specific performance does not extend to an agreement to borrow or make a loan of money. (To the same effect, see 81 C. J. S., Specific Performance, p. 598.) Also note that the Court of Appeals in *Anderson* v. *Northwestern Mut. Life Ins. Co.* (261 N. Y. 450, 454), pointed out that *Caplin* v. *Penn Mut. Life Ins. Co. (supra),* " was decided upon its own particular facts and is no precedent here."

The Arkansas case of *Columbia Mut. Life Assur. Soc.* v. *Whitehead* (193 Ark. 598), held on similar facts that an action

for specific performance does not lie and relegated the plaintiff to a suit for damages after such damages were ascertained. The right of a policyholder to recover money damages under a similar contract provision was upheld in *Hubbard* v. *Equitable Life Assur. Soc.* (81 W. Va. 663). While in neither case does plaintiff seek the same damages against the defendant as in the case at bar, they do confirm the policyholder's right to bring an action at law for breach of contract.

There is no doubt of the right of the insured to a loan and that the policy was a contractual obligation. Furthermore, the Insurance Law of this State (§ 155, subd. 1, par. [g]), makes the loan provision in the insurance contract policy and the table of loan values mandatory. This was done to protect the insured, so that he could obtain his own money when needed. In the true sense, there is no debtor-creditor relationship created by a " loan " from the insurer to the insured. While interest is paid, the insured need not repay the loan (*Wagner* v. *Thieriot,* 203 App. Div. 757, affd. 236 N. Y. 588). It is no more than an advance on the policy of the money belonging to the insured (*Matter of Hayes,* 252 N. Y. 148).

In my opinion the defendant breached its contract and the statute law of this State by refusing to " loan " insured's own loan or cash value to him. There is an adequate remedy at law, and plaintiff need not go to equity for relief. This court has jurisdiction of the action.

Motion is denied. Defendant may interpose an answer within ten days from the service of a copy of this order with notice of entry.