VANMETER, J.,
DISSENTING:
I respectfully dissent. In Guaranty Nat’l Ins. Co. v. George, 953 S.W.2d 946, 949 (Ky. 1997), this court recognized that an insurer may permissibly advise its insured that it is defending undér a reservation of rights and file a declaration of rights action when coverage under the policy is unclear. In my view, the circumstances surrounding the property’s prior use, and the timing of Demetre’s obtaining coverage and the Harrises’ claim gave rise to a reasonable belief that Demetre may have been aware of the potential claim, which belief the insurer was entitled to investigate. The fact that the insurer ultimately changed course and dropped this argument does not mean its initial belief was unreasonable. My concern with the majority opinion is that, in the future, insurance companies having reservations about questionable claims will be placed between the proverbial “rock , and a hard place” notwithstanding decisions in cases such as Hollaway v. Direct Gen. Ins. Co. of Mississippi, Inc., 497 S.W.3d 733, 739 (Ky. 2016) (stating “KUCSPA only requires insurers to negotiate reasonably with respect to claims; it does not require them to acquiesce to a third party’s demands[]”). Additionally, my view is that Demetre’s proof of emotional damages was insufficient. Litigation is stressful, and this case will be cited for the proposition that litigation stress is compensable.
As to Demetre’s claim for violation of Kentucky Consumer Protection Act, KRS 367.220,1 question whether Demetre satisfied the requirement that he “suffered any ascertainable loss of money or property, real or personal” as required by the statute since his instructed damages were limited to “emotional pain and suffering, stress, worry, anxiety or mental anguish.”
Finally, with respect to the common law breach of contract claim, our longstanding case law recognizes the “universal rule that damages for mental anguish is not recoverable for the violation of a contract unaccompanied with physical injury.” Clark v. Life & Cas. Ins. Co., 245 Ky. 579, 582, 53 S.W.2d 968, 970 (1932). While the proof in the case demonstrates that Deme-tre expended almost $400,000 for attorney’s fees in defending the coverage issue, the jury instructions only articulated a damage claim for Demetre’s “emotional pain- and suffering, stress,’ worry, anxiety or mental anguish.” Based on a failure of proof for the requisite damages, the trial court erred in failing to direct a verdict in favor of Indiana on this count. Further, KRS 411.184(4), prohibits an award of punitive damages for breach of contract.