**MOTORS INSURANCE CORPORATION,
Appellant,**

**v.**

**John JACKSON, Appellee.**

Court of Appeals of Kentucky.

Dec. 2, 1960.

Armer H. Mahan, Davis & Mahan, Louisville, for appellant.

John J. Tribell, Tribell & Tribell, Pineville, for appellee.

STANLEY, Commissioner.

This is an action on a contract sounding in tort. The appellee, John Jackson, sued Motors Insurance Corporation, Howard Chevrolet Company and General Motors Acceptance Corporation to recover damages for the loss of a truck and of earnings as a consequence of being deprived of its use. The Howard Company and G. M. A. C. were let out on a peremptory instruction. A verdict for $2,500 was returned against the insurance company, and it has appealed.

Jackson and his wife, Lelia, were engaged in the business of making and hauling mine cap boards. He was 87 years old, illiterate and infirm. Mrs. Jackson seems to have attended to the business. At least she did in this transaction. Jackson bought the truck from the Howard Company by a conditional sales contract. An old truck was traded in, and he agreed to pay a balance of $754.50 in fifteen installments of $50.30 each. This included the insurance premium and finance charge. The sales contract was assigned to G. M. A. C. The appellant issued a policy which provided for the payment of damages to the car caused by a collision, less $50. The truck was damaged in a wreck while being driven by Jackson's son about a week after its delivery. After investigation, the insurance company notified Jackson and the Howard Chevrolet Company that it was cancelling the policy as of the date of its issue. The letter of notification is not in the record. When the Howard Company had repaired the damaged vehicle, Mrs. Jackson tendered it $50, understanding that the insurance company would pay the balance of the repair bill. The company told her that the bill would have to be paid in full before she could get the truck. She testified, "I knowed I couldn't raise $387." The amount of the bill is not definitely shown. It may have been $50 more or $50 less than that sum. Mrs. Jackson asked that her old trade-in truck be returned to her, but she was refused.

The ground of the insurance company's liability as pleaded was that its wrongful failure to pay the bill resulted in the car being repossessed and sold. Mrs. Jackson testified that no payment was due on the car at the time it was damaged. According to the defendants' pleadings, the car was repossessed and sold upon notice because of the plaintiff's failure to pay the first installment; but there is no evidence.

The above is the whole story except that Jackson testified that the truck was bought to haul mine caps, and, in answer to a question as to how much money he was

making at the time the truck was wrecked, that his son "would make two, sometimes three but two generally" trips a week, and he, the witness, would usually "make" $80 or $90 a trip. Manifestly, this evidence of the consequential damage claim is too indefinite. See Kentucky Transport Co. v. Campbell, 299 Ky. 555, 186 S.W.2d 409.

The insurance company pleaded that it had the right to cancel the policy because in the application Jackson had stated the principal driver of the truck would be his son, John Jackson, Jr.; and he had made certain false representations in regard to his son's driver's license, restriction of insurance and automobile damage within three years. The forms of the contract of sale and the application for insurance were filled in by Howard's salesman, Ben Johns, and Mrs. Jackson signed her husband's name to them. There was no evidence on the issue of misrepresentation other than Mrs. Jackson's statement that Johns brought the papers to the house "all fixed up." He asked her some questions but none about her son "because he knew all about Johnny before we bought the truck." The answers to the questions appear on the form as check marks before the word "no." Obviously, the record does not prove any legal ground for having cancelled the insurance.

■ In the absence of evidence, we can only assume that the financing company, G. M. A. C., repossessed the car and sold it for breach of the conditional sales contract as to the installment payments. We have no reason to believe that its action was because of the nonpayment of the repair bill by the insurance company. The plaintiff offered no evidence that it was impossible for him to have paid the bill. Therefore, there was no evidence upon which the court could have submitted the case to the jury (as he did) to find for the plaintiff if the insurance company without reasonable cause had cancelled its policy and refused to pay its portion of the damages to the truck, and that if as a result the plaintiff had suffered loss to his business from the loss of the use of the truck, to find for the plaintiff damages therefor, not to exceed $3,900. Even had the evidence met the requirements of proof of such claimed consequential damages, there would have been no legal liability under the facts of this case. See Annotation, "Damages recoverable from insurer for failure or delay in making payments due under contract." 37 A.L.R.2d 538.

■ Another instruction based upon the same ground of belief authorized the recovery of $387 as being the defendant's liability under its policy. As stated, the evidence did not prove any valid cancellation of the insurance policy. The court should have directed a verdict for the plaintiff for the amount of its liability under the policy, which we assume was $387. See Clark v. Life and Casualty Insurance Co., 245 Ky. 579, 53 S.W.2d 968, 84 A.L.R. 1420.

The judgment is reversed.