### SERVICE CASUALTY COMPANY OF NEW YORK, Appellant,

v.

### Millard MARCUM, Appellee.

Court of Appeals of Kentucky.

Jan. 29, 1965.

**475**

Calvert C. Little, London, for appellant.

Lester H. Burns, Jr., John M. Lyttle, Manchester, Robert L. Milby, Hamm, Taylor & Milby, London, for appellee.

WADDILL, Commissioner.

On February 9, 1962, the appellant, Service Casualty Company of New York, insured for one year the appellee, Millard Marcum, against loss by collision of one of his trucks. The policy provided that the liability of the Company would not exceed what it would cost to repair the truck and that the Company would either repair the truck or make a cash settlement.

The truck was damaged in a collision on March 28, 1962. The Company conceded it was liable under this policy and suggested the truck be taken to Knoxville, Tennessee for an estimate of the cost of repairs. Marcum agreed to this and on April 12, 1962, gave permission for Brooks Brothers (employed by the Company) to transport the truck to Knoxville. Enroute it was necessary for Brooks Brothers to dismantle the truck to the extent of removing the bed which was left at Pineville. The G.M.C. Garage at Knoxville estimated the cost of repair at approximately $2300. It asked Marcum for authority to make repairs according to its estimate, but Marcum refused unless a new frame was placed on the truck.

The Company also obtained an estimate of the damage to the truck from the Hughes Garage in Knoxville which fixed it at $2477.29. Marcum still refused permission for repairs to be made by either of these garages unless a new frame was installed. From May 1962 to November 1962 the truck remained at the G.M.C. Garage. On July 2, 1962, the Company wrote Marcum offering to settle with him on the basis of the estimate of the G.M.C. Garage. This offer was not accepted.

On August 16, 1962, Marcum filed this suit in Clay Circuit Court seeking a recovery for damage to the truck, for damage to the truck bed and for loss of use of the truck. Upon the trial the jury found for Marcum in the sum of $6,000, making no separation of this amount among the various claims.

The Company contends that the court erred in permitting Marcum to recover damages for the loss of the use of his truck. In Motors Insurance Corporation v. Howard, Ky., 291 S.W.2d 522, we recognized that under certain circumstances an insurer may be liable for damages due to unreasonable delay in settling a pending claim. In the instant case the delay in settling Marcum's claim was due to his insistence that a new frame be installed on his damaged truck. In view of the fact that the uncontradicted evidence showed the frame could be repaired, so as to satisfy the Company's obligation to Marcum, there was no unreasonable delay attributable to the Company. Hence, the court committed reversible error in permitting a recovery for loss of use of the truck.

Inasmuch as we are reversing the judgment, we will comment on the propriety

of the first and third instructions. The first permitted a recovery limited to the amount of the Company's offer on July 2, 1962. The phrase "without qualifications" in describing this offer is vague and misleading and should have been deleted. The third instruction allowed a recovery of $450 if the jury believed the truck bed was "damaged and destroyed" while under the Company's control. The only evidence on this point concerned damage incurred in the March 28, 1962, accident and the cost of repairing this would not exceed $300. There was no evidence that the bed was destroyed. Therefore this instruction was erroneous in permitting recovery for damage other than that arising from the accident, in permitting a recovery in excess of $300 and in referring to destruction of the bed.

In the event of a new trial, if the evidence is substantially the same, the instructions shall be drawn in accordance with this opinion.

The judgment is reversed with direction to grant a new trial.