Keith DEATON et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

March 4, 1977.

William I. Bubenzer, Covington, for appellants.

Philip Taliaferro, III, Covington, for appellee.

HAYES, HOWARD and WILHOIT, JJ.

HAYES, Judge.

This is an appeal from the judgment of the Kenton Circuit Court, Honorable James J. Gilliece, Judge, granting the appellee's motion for summary judgment. The appellants filed suit against Allstate alleging that the appellee exercised "bad faith" in the handling of their claim under their uninsured motorist coverage.

Pamela and Geralyn Deaton, daughters of Keith and Barbara Deaton, were passengers in an auto involved in an accident on December 5, 1973. The automobile, driven by and apparently owned by Jacqueline Ashbury, ran off the highway and struck a tree, killing Pamela and injuring Geralyn. Ashbury was uninsured. At the time of the accident, Mr. Deaton had an insurance policy with Allstate which provided coverage for all the Deaton family against uninsured motorists in the sum of $10,000.00 for injury sustained by each person or $20,000.00 for all injuries in each accident.

The Deatons filed suit in Kenton Circuit Court against Ashbury and others, including the Allstate Insurance Company. The Deatons recovered a judgment on November 18, 1974, after a trial by jury against Allstate and Ashbury for $11,249.35. Apparently $10,000.00 of this award was for Pamela and $1,249.35 was for injuries suffered by Geralyn.

On November 14, 1975, about one year later, the Deatons again sued Allstate alleging "bad faith" in the settlement of their claim. In their complaint the Deatons stated that prior to filing their initial suit they made repeated demands upon Allstate for payment of the $10,000.00 due under the policy. Appellants alleged that as a result of Allstate's bad faith in negotiating their claim the appellants were required to hire an attorney to file suit against Allstate. Appellants, therefore, demanded punitive damages in the sum of $500,000.00 and $5,000.00 compensatory damages for attorney fees and cost of litigation. Upon motion by appellee for summary judgment, the trial court found that there was no genuine issue of fact and that appellee was entitled to a judgment as a matter of law.

The appellee attached to its affidavit in support of the motion for summary judgment copies of correspondence between Allstate and appellant's attorney, William I. Bubenzer. The first letter dated December 12, 1973, was a letter of representation from Mr. Bubenzer to Allstate. In that letter Bubenzer also sought assistance in determining whether the driver had insurance, and he stated he would send *all* medical bills to Allstate when accumulated.

The next correspondence filed is a letter dated May 28, 1974, from a casualty supervisor of Allstate to appellee's attorney, Philip Taliaferro. This letter enclosed a copy of a complaint filed against Allstate by the appellants and the investigative file of the Company. Taliaferro was advised that Allstate had already expended $1,980.25 for the burial expenses of Pamela and $218.53 for medical expenses of Geralyn.

On November 5, 1974, Taliaferro wrote Bubenzer to confirm that Taliaferro had on October 14, 1974, offered $11,500.00 on behalf of Allstate to settle but that Bubenzer had not replied to that offer. Further, Taliaferro stated that he had not received a demand on the Geralyn case. The offer of $11,500.00 was broken down to $10,000.00 for Pamela and $1,500.00 for Geralyn. This letter ends, "If possible, I would like to settle this case before you have to spend additional time and money and before my client has to incur additional expenses and attorney fees. Thank you."

On November 8, 1974, Taliaferro again wrote Bubenzer, restating that an offer of $11,500.00 had been made on October 14, 1974, and that on November 7, 1974, this offer was refused and a demand of $50,000.00 was made to settle both cases because Allstate was acting in bad faith. Enclosed with this letter was a release for $10,000.00 for the Pamela Deaton claim, with the statement that the check would be sent upon execution of the release. Also enclosed was a copy of the offer of judgment filed that day in Kenton Circuit Court. An offer of $2,500.00 was made in Geralyn Deaton's case, with an indication

that the demand had been $10,000.00 in this case.

In January, 1975, appellants' attorney signed an order of full satisfaction of judgment for the amount of $11,249.35 plus $50.00 interest, the amount of the judgment obtained by the Deatons against Allstate.

Appellants claim on appeal that the real issue is whether or not the insurer, Allstate, was guilty of "bad faith" and ". . . this can only be shown by a trial which would disclose the handling of this case by the insurer . . . ."

In *Manchester Insurance and Indem. Company v. Grundy,* Ky., 531 S.W.2d 493 (1975), the court discusses at length three aspects of the "bad faith" case—whether the action is one of contract or tort, what are the proper measures of damages and whether the question is one of law for the court or one of fact for the jury. That court held that the determination of whether the action is one of contract or tort depends by and large on the nature of the claim—third party or first party. A first party claim gives rise to a contract action.

*Manchester,* however, deals with a third party claim against the insurer and not with a first party claim against an insurer as in the present case.

■ Although appellants allege that this is a tort action, this court is of the opinion that this is a breach of contract action. As indicated in *General Accident Fire and Life Assurance Corp. v. Judd,* Ky., 400 S.W.2d 685 (1966), the measure of recovery for failure to pay money due under the contract is the amount agreed to be paid. Therefore, no recovery for punitive damages, as sought by the appellants, can be had, nor consequential damages such as attorney fees, witness fees, etc. The court further states in *Judd* that:

> . . . The opinion in *Motors Insurance Corporation v. Jackson,* Ky., 340 S.W.2d 610 (1960), though it contains a dissertation from which it might be inferred that consequential damages other than interest are allowable, nevertheless concludes as follows: 'Even had the evi-

dence met the requirements of proof of such claimed consequential damages, there would have been no legal liability under the facts of this case. . . .' That conclusion is in accordance with what we consider to be correct legal premise.

■ The judgment, which was less than Allstate had offered to settle for, against the appellee entered in Kenton Circuit Court was satisfied by appellee with interest. This is the amount to which appellants are entitled under *Judd* if they can show a breach.

■ We do not feel that the decision in *Judd* is contrary to the decision in *Service Casualty v. Marcum*, Ky., 386 S.W.2d 474 (1965), or in *Motors Insurance Corporation v. Howard*, Ky., 291 S.W.2d 522 (1956). These cases indicate that under certain circumstances an insurer may be liable for damages to its insured for unreasonable delay in settling a pending claim. It is the opinion of this court that "loss of use" of a vehicle, as was involved in *Howard*, is not to be considered consequential or punitive damages, but more akin to a contractual obligation under the insurance policy. However, should "loss of use" be construed as a consequential damage, then appellants are still not entitled to their alleged damages since this court can find no evidence of unreasonable delay.

■ In addition, whether the action brought by appellants is characterized as breach of contract, "bad faith" or unreasonable delay, the trial court was correct in granting a summary judgment. Examining the pleadings and affidavit and construing all inferences in favor of appellants leads this court to only one conclusion—there is no genuine issue of fact and appellee was entitled to a judgment as a matter of law.

Judgment affirmed.

All concur.