Arthur K. FEATHERS and Mary Jane Feathers, Appellants,

v.

STATE FARM FIRE & CASUALTY COMPANY, Appellee.

Court of Appeals of Kentucky.

Aug. 5, 1983.

Opinion Modified Nov. 25, 1983.

Appeal Dismissed Nov. 25, 1983.

Discretionary Review Denied by Supreme Court April 12, 1984.

David E. Arvin, Hopkinsville, for appellants.

William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, for appellee.

Before HAYES, C.J., and COOPER and McDONALD, JJ.

McDONALD, Judge.

This is an appeal by the policyholders of a homeowner's broad form fire insurance policy. A partial summary judgment was entered against the policyholders dismissing their claim against State Farm Fire & Casualty Company for an alleged breach of the insurance company's admitted duty to perform in good faith.

The policyholders are the appellants, Arthur K. and Mary Jane Feathers. They suffered a fire loss on May 31, 1981, which destroyed their home and personal belongings.

The appellants filed a claim with State Farm which was later reduced to a sworn proof of loss. The proof of loss was timely filed; however, it was rejected by State Farm on the grounds that it contained misrepresentations.

Almost a year after the fire, on May 28, 1982, the appellants filed suit to recover their losses. Their complaint contained two counts. *Count One* alleged:

| | |
|---|---|
| Dwelling damage | $69,000.00 |
| Personal property loss | $29,000.00 |
| Loss of use of dwelling | $ 5,000.00 |

It was also alleged that every policy condition and term was duly complied with and that repeated demands were made upon State Farm for payment but to no avail.

*Count Two*, in part, alleged that State Farm owed "a duty to act in good faith in effecting a fair and reasonable settlement of these just claims without harassment or unreasonable delay." *Count Two* also alleged that because State Farm refused to deal with the appellants fairly and pay their just and documented claims, the appellants suffered acute anxiety and mental suffering, and loss of consortium.

State Farm filed its answer admitting a duty to act in good faith with the appellants but said,

[T]he fire gives rise to the reasonable belief that said fire was the result of arson and that Plaintiffs [Featherses] or one of them with the knowledge of the other, burned or procured the burning of the dwelling house referred to in Plaintiffs' complaint. Said intentional burning of said dwelling house constituted fraud and voided the above-mentioned policy of insurance.

State Farm moved for summary judgment to dismiss *Count Two* of the complaint on the grounds that the appellants have no basis or standing under Kentucky law to assert such claim for consequential and punitive damages. The trial court sustained State Farm's motion for summary

judgment and on October 28, 1982, dismissed that portion of the complaint requesting consequential and punitive damages.

■ Attention is drawn to the fact that the record is totally devoid of any proof or testimony except for the appellants' compliance with State Farm's request to produce certain documents. While the dismissal is noted to be pursuant to CR 56, we determine it was actually under CR 12, a judgment on the pleadings—more specifically, CR 12.02(f), failure to state a claim upon which relief can be granted. That is so because we cannot determine whether matters outside the pleadings were presented. We reason the dismissal was under CR 12.02(f) and CR 12.03. *See LaVielle v. Seay,* Ky., 412 S.W.2d 587 (1967), and *Spillman v. Beauchamp,* Ky., 362 S.W.2d 33, 2 A.L.R.3d 814 (1962). Accordingly, we conclude the trial court erred.

### ISSUE

The question on appeal is whether the appellants pled a cause of action against State Farm for consequential and punitive damages.

The arguments run thus: The appellants rely mainly on *Hensley v. Paul Miller Ford, Inc.,* Ky., 508 S.W.2d 759 (1974), and *Manchester Ins. & Indem. Co. v. Grundy,* Ky., 531 S.W.2d 493 (1975). In *Hensley, supra,* the court allowed consequential and punitive damages arising out of a car dealership wrongfully selling Mr. Hensley's car. The damages arose against the dealership for trover and conversion. The initial contacts between the parties was by contract but the wrongful sale of the vehicle of Mr. Hensley became an independent tort.

In *Manchester, supra,* the insurance company failed to settle a case within its policy limits which obviously should have been settled, and as a result exposed its insured to an excess judgment which was obtained by the injured party. There, the Court said the insurance company did not fulfill its contractual obligation. The company was found guilty of bad faith in failing to settle; the damages were the difference between the policy limits and the excess judgment. *See also State Farm Mutual Automobile Ins. Co. v. Marcum,* Ky., 420 S.W.2d 113 (1967). These cases, and similar ones, are not akin to the situation at hand, and we are not persuaded by them in light of the facts and circumstances of our case.

The appellee relies on the principle of law that one may not recover consequential or punitive damages for breach of contract or mental anguish unaccompanied by physical injury. The appellee cites a long line of cases in support of this principle, namely: *Cumberland Telephone and Telegraph Co. v. Cartwright Creek Telephone Co.,* 128 Ky. 395, 108 S.W. 875 (1908); *Combs v. Southern Bell Telephone & Telegraph Co.,* 238 Ky. 341, 38 S.W.2d 3 (1931); *Clark v. Life & Casualty Ins. Co.,* 245 Ky. 579, 53 S.W.2d 968 (1932); *Hetrick v. Willis,* Ky., 439 S.W.2d 942 (1969); *Motorists Insurance Corporation v. Jackson,* Ky., 340 S.W.2d 610 (1960); *General Accident Fire & Life Assurance Corp. v. Judd,* Ky., 400 S.W.2d 685 (1966); and *Deaton v. Allstate Ins. Co.,* Ky.App., 548 S.W.2d 162 (1977).

We reason that for purposes of establishing a definite principle of law these and similar authorities are flawed from the outset, as they contain such modifiers to the principle of law as, "such damages ordinarily are not recoverable," "usually not allowed," "not recognized for mere breach": these implicitly indicate that there are exceptions to the principle. At oral argument, the appellants and the appellee hoisted their fate on *Deaton, supra.* The appellants want us to overrule it, and the appellee wants us to reaffirm it.

It is our opinion that we can do neither. We do not consider *Deaton* applicable to the present case. The *Deaton* court drew a distinction between third-party and first-party claims against an insurance company. The distinction was that in *Deaton* an insured was suing for bad faith over uninsured motorist coverage, and in *Manchester, supra,* a third party was suing to

collect an excess judgment based on bad faith.

Further, in *Deaton,* we have no pure first-party action because it was an action on a contract founded in tort. The uninsured motorist coverage provided that the company would pay to the insured legal damages that the uninsured motorist was obligated to pay. In our review of *Deaton* we find that all that was alleged was bad faith in not settling with the insured within the policy limits. The *Deaton* court plainly stated, "Although appellants alleged that this is a tort action, this court is of the opinion that this is a breach of contract action." *Id.* at 164.

Another case we view closely is *General Accident Fire & Life Assurance Corp. v. Judd, supra.* There the insured Judd refused to accept what the company had offered on her collision coverage after she had wrecked her new car. Her policy covered actual cash value of the loss less a $50.00 deductible. Mrs. Judd sued for and obtained a jury verdict for storage and the loss of use of her vehicle, clearly not covered by the policy but on the grounds that the company had unreasonably delayed replacing or repairing her car.

The *Judd* Court carefully reviewed the law of Kentucky and reaffirmed the principle that the "traditional measure" of recovery for failure to pay money due under contract is the amount agreed to be paid. Also, it held that ordinarily punitive damages are not recoverable for a breach of contract.

The Court plainly pointed out "... that this action 'sounds' in both contract and tort; it is nothing more than a suit on and for breach of contract." Keep in mind that in *Judd* active negotiations were had and offers of settlement made. In this case, nothing has been paid and nothing offered for settlement.

▬ Under the facts of this case, we conclude the converse: We have a tort action. While appellee contends there is no basis for the tort of breach of covenant to act in good faith in Kentucky law, we on the other hand find no prohibition against it either. In our opinion, the homeowner's fire policy is unique. We are not dealing with the purchase and sale of a box of shoe laces. The purchaser of a fire insurance policy is buying peace of mind and a cushion to help himself in the event his home is damaged or destroyed. He is usually economically devastated after a fire and may have no source of money to replace what he has lost other than the proceeds of the insurance policy he has purchased and relied upon.

In this instance, we have a pure first-party contractual action alleging an independent tort arising from a wrongful breach. An examination of the allegations in the complaint show that they are not trifling or trivial. In fact, and if true, the allegations show substantial wrongs committed against a clearly protected interest and rights. We are not talking about bad manners or mere breakdowns in communications resulting in irritations injuring pride. Here, if the allegations are true, the breach is so great that it would constitute tortious conduct on the part of the insurance company. *See Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (1972), and *Rodgers v. Pennsylvania Life Ins. Co.,* 539 F.Supp. 879 (S.D.Iowa 1982).

▬ We intend no aid or comfort in this opinion to those who misrepresent material facts or burn their property for personal gain. Nevertheless, once the policyholder has substantially complied with the terms and conditions required by the policy, and there is no substantial or credible evidence that the policyholder directly or indirectly set fire to his property for personal gain, then at that point, the insurance company becomes akin to a fiduciary as to the sums that may be owed under the policy. So the proceeds of the policy may not be withheld unless there is a substantial breach of the contract by the policyholder. Whether or not State Farm was justified in withholding and denying the payment of the losses will be resolved by trial. We simply say that if State Farm was not justified in its actions, then its

conduct was tortious against the policy-holder for which consequential and punitive damages may be presented to the fact finder.

In our opinion, the cause of action for tort based on the breach of covenant to act in good faith was sufficiently pled. The trial court's judgment is reversed and the cause remanded for further proceedings.

All concur.