**Ronald W. CONNER and/or Beverly B. Conner, Plaintiffs,**

v.

**SHELTER MUTUAL INSURANCE COMPANY, Defendants.**

Civ. A. No. 82–0035–P.

United States District Court,
W.D. Kentucky.

Aug. 21, 1984.

Charles A. Williams and Rodger Lofton of Williams, Housman, Sparks & Franklin, Paducah, Ky., for plaintiffs.

Richard C. Roberts of Whitlow, Roberts, Houston & Russell, Paducah, Ky., for defendants.

## MEMORANDUM OPINION

JOHNSTONE, District Judge.

Ronald and Beverly Conner (Conner) sued Shelter Mutual to recover on a fire insurance policy. Shelter Mutual denied coverage, claiming that Conner had made material misrepresentations in his application for insurance and that the misrepresentations acted to void the policy. The case was ultimately tried before a jury on February 8 and 9, 1984. At the close of proof, three issues went to the jury. First, was Conner responsible for the alleged misrepresentations or was the application signed in blank and completed by a Shelter Mutual agent? Second, if Conner did make the misrepresentations, would Shelter Mutual have issued the policy anyway; in other words, were the misrepresentations "material?" Third, depending on the outcome of the first two issues, did Shelter Mutual act in bad faith in refusing to pay Conner's claim? These issues were presented to the jury through the following interrogatories:

1. Do you believe from the evidence that at the time Ronald Conner signed the application the answer to question No. 4, as it appears above his signature on exhibit No. 7, was blank?

2. Do you believe from the evidence that the defendant would have issued the homeowners' policy if it had known of Mr. Conner's prior convictions?

3. Do you believe from the evidence that the defendant breached its duty of good faith in effecting a fair and reasonable settlement of plaintiffs' claim?

The jury concluded that Conner was responsible for the misrepresentations, but that Shelter Mutual would have issued the policy even if it had known the true facts.

Thus, the verdict was for Conner on the policy. The jury also concluded that Shelter Mutual acted in bad faith in failing to pay the Conner claim and awarded Conner Twenty Thousand Dollars in additional damages. In response to the court's entry of judgment, Shelter Mutual, pursuant to Federal Rule of Civil Procedure 50(b), has timely moved for a judgment notwithstanding the verdict. In the alternative, Shelter Mutual seeks a reduction of the damages awarded for its alleged bad faith denial of payment. Conner has timely moved, pursuant to Federal Rule of Civil Procedure 59(e), to alter the judgment to include an award of pre-judgment interest.

### A.

Shelter Mutual seeks a judgment n.o.v. both on the contract claim and on the unjustified denial of payment claim. "Judgments n.o.v. are legally equivalent to directed verdicts, and the same standards govern the consideration of either." *Warkentien v. Vondracek,* 633 F.2d 1, 6 (6th Cir.1980). Thus, the question is whether there was sufficient evidence to allow the jury to properly return a verdict in favor of the party opposing the motion. *See Patrick v. South Central Bell Tel. Co.,* 641 F.2d 1192, 1197 (6th Cir.1980). In diversity cases, this court must look to Kentucky law to determine whether the evidence is sufficient to withstand a motion for judgment n.o.v. *Warkentien,* 633 F.2d at 6. Finally, when ruling on a motion for judgment n.o.v., the court must consider the evidence in the light most favorable to the party opposing the motion. *Upton v. Western Life Insurance Company,* 492 F.2d 148, 149 (6th Cir.1974).

In Kentucky a misrepresentation voids an insurance policy if the misrepresentation is material to the acceptance of the risk or if the insurance company would not have issued the policy if the true facts had been known. Ky.Rev.Stat. Section 304.14–110. In the present case, the jury found that Shelter Mutual would have issued the policy even if it had known of Conner's past criminal convictions. Shelter

Mutual argues that this conclusion is not supported by the evidence before the jury. Indeed, Shelter Mutual contends that the only evidence on materiality was provided by its own underwriters and is conclusive on the issue. The underwriters stated that Shelter Mutual, pursuant to established underwriting rules, would not have issued the policy if it had known of Conner's convictions. In response to Shelter Mutual's contentions, Conner argues that there was evidence before the jury upon which the jury could properly rely in reaching a decision in favor of Conner. At the close of testimony the court determined that the issue should go to the jury. The question then, as previously stated, is whether there was sufficient evidence to allow the jury to return a verdict on the issue of materiality. For the reasons given below, the court concludes that there was sufficient evidence.

Ten days after it issued Conner's homeowner's policy, Shelter issued Conner an automobile policy. Before issuing this policy, however, Shelter Mutual, through its representative agent, was aware that Conner had been convicted of driving while intoxicated. This evidence was the strongest evidence in Conner's favor on the issue of materiality. Even though it involved a different type of policy, and even though only one of Conner's convictions was revealed, it did demonstrate that Shelter Mutual issued insurance even when it knew of an applicant's prior convictions. Moreover, the evidence contradicted testimony from Shelter Mutual's underwriters and provided a basis for disbelieving the underwriter's testimony.

There was also testimony by Shelter Mutual's agent, Richard Vasseur, that if Conner's convictions had been revealed in his fire insurance application Shelter Mutual would have merely looked into the matter rather than immediately informing Conner that he could not be insured. (Vasseur was the only one to testify to this effect at trial. According to the court reporter's notes, Mr. McCubbin's deposition was not read to the jury). This testimony provides further support for Conner's contention that past criminal convictions were not, contrary to

Shelter Mutual's position, automatically conclusive on whether insurance would be issued. Even though Vasseur was merely a Shelter Mutual field agent, the court finds that his testimony is relevant to how Shelter Mutual deals with applicants with criminal convictions. Vasseur may not be responsible for the ultimate issuance of the policy, but his position does provide him knowledge on how Shelter Mutual deals with applicants.

The court finds the above evidence was sufficient for the jury to return a verdict on the issue of materiality. Pursuant to the court's instructions, the jury weighed the evidence, decided credibility, and reached a decision in favor of Conner. The court is not free to weigh the evidence in its own manner, insert its own views on credibility or, in view of its holding on the sufficiency of the evidence, to alter the jury's decision. Shelter Mutual's motion for a judgment n.o.v. must be denied on Conner's claim on the fire insurance policy.

In addition to the contentions discussed above, Conner presented other evidence and contentions in support of his position that there was sufficient evidence to allow the jury to return a verdict on materiality. For example, Conner argued that the fact that Shelter Mutual did not investigate his past until after the fire occurred supports a finding that Conner's past convictions were not material. The court concludes, however, that Shelter Mutual was under no duty to perform an investigation prior to the fire and, therefore, the lack of an investigation was not relevant to materiality. The remainder of Conner's contentions suffer from similar problems. Because of these problems, the court has not relied upon the contentions in denying the judgment n.o.v. as to the verdict on the insurance policy. Moreover, because the evidence discussed earlier was sufficient to allow the issue of materiality to be decided by the jury, there is no need to rely upon the other contentions.

## B.

The Kentucky Court of Appeals recently held that an insurance company can be liable for damages if it "unjustifiably" denies payment to an insured, under an insurance contract with that insured. *Feathers v. State Farm Fire & Casualty Co.*, 667 S.W.2d 693 (Ky.Ct.App.1983), *discretionary review denied* (Ky.1984). Shelter Mutual does not dispute that this is now the law of Kentucky; however, it argues that the evidence presented in this case does not support a finding that it unjustifiably denied Conner's claim.

Although *Feathers* establishes a cause of action for unjustified denial of payment it offers no clear guidance on the standards for proving such a claim. *Feathers* deals with "unjustified" denial of payment. Read literally, this could mean that whenever an insurance company's basis for denying payment is found to have been *incorrect,* the company is then liable for its denial of payment. *See* K. Harvey & T. Wiseman, *First Party Bad Faith: Common Law Remedies and a Proposed Legislative Solution,* 72 Ky.L.J. 141, 173–174 (1983–84). Such an interpretation is possible; however, given that the opinion merely deals with whether a claim for denial of payment is possible and not with the specifics of presenting such a claim, this court will not expand the *Feathers* language in deciding the level of proof necessary to recover for a denial of payment. Instead of adopting a literal reading of *Feathers,* the court concludes that in order to establish a claim for unjustified denial of payment, a claimant must show that the denial was made in "bad faith" and not just that the denial was *incorrect.* This conclusion is supported by Kentucky cases dealing with situations where an insurance company breaches its duty to settle claims made against its insured. Those cases require that the insurance company's failure be in "bad faith." *See Manchester Ins. & Indem. Co. v. Grundy,* 531 S.W.2d 493 (Ky. 1975), *cert. denied,* 429 U.S. 821, 97 S.Ct. 70, 50 L.Ed.2d 82 (1976). *See generally Harrod v. Meridian Mutual Ins. Co.,* 389 S.W.2d 74 (Ky.1964); *Hoskins v. Aetna Life Ins. Co.,* 452 N.E.2d 1315 (Ohio 1983).

28

The court can find no evidence in the record to indicate that Shelter Mutual's denial of payment was made in "bad faith." Although a workable definition of bad faith has not been developed by the Kentucky courts for claims under *Feathers*, it is clear that "bad faith" requires some unreasonable action and that mere negligence is not sufficient. *See Grundy*, 531 S.W.2d at 497–501. Moreover, a claimant cannot recover merely by showing that the basis for the denial was incorrect. In the present case, Shelter Mutual denied payment after learning that Conner had misrepresented himself by failing to reveal on his application that he had ten previous felony convictions. In the light of the jury's verdict on materiality, the denial was incorrect; however, there was nothing to indicate that it was unreasonable. Since Conner failed to present any evidence of an unreasonable or "bad faith" denial of payment, the court erred in not directing a verdict for Shelter Mutual.

There is an additional reason why the jury's verdict on unjustified denial of payment cannot stand. The court has concluded that the claim requires a showing of "bad faith." Kentucky has held that in third-party situations, situations where the insurance company is alleged to have acted in "bad faith" in failing to settle a claim *against* an insured, the question of "bad faith" is for the court and not the jury. *Grundy*, 531 S.W.2d at 500–501. Although the issue has not been addressed in the first-party situation presented by *Feathers*, where the claim involves failing to pay a claim made *by* an insured, the same considerations should apply. *See generally Grundy*, 531 S.W.2d at 500–501. Under this reasoning, Conner's claim of unjustified denial of payment should have been decided by the court and not the jury. Since the court has concluded that there was no evidence indicating "bad faith" on the part of Shelter Mutual, the court should have granted judgment to Shelter Mutual and not submitted the issue of "bad faith" to the jury.

The court will correct its errors by granting Shelter Mutual's motion for judgment n.o.v. on the claim for unjustified denial of payment.

### C.

Conner seeks to alter the judgment to include an award of pre-judgment interest. Kentucky law permits such an award where the action is based upon a liquidated claim. *Alford v. Continental Casualty Co.*, 376 F.Supp. 237, 238 (E.D. Ky.1974). The court will alter its judgment to include an award of pre-judgment interest on the judgment on the contract, i.e., on the amount of $58,529.11. This will not result in a double recovery for Conner. The court must now determine the time from which the interest is to be calculated. "As a general rule, interest on the amount payable under an insurance policy commences to run from the time when the loss is payable by the terms of the policy." *Travelers Ins. Co. v. Hawks*, 517 S.W.2d 740, 741 (Ky.1974). Under the contract between Conner and Shelter Mutual, Conner's loss was payable sixty days after proof of loss. Proof of loss was received on November 28, 1981, and the sixty day period passed on January 27, 1982. On December 18, 1981, however, Shelter Mutual denied Conner's claim. When an insurance company denies liability before occurrence of a prerequisite for payment, the company waives the requirement and incurs an obligation to pay from the date of denial. *See Hawks*, 517 S.W.2d at 740–741. The court concludes that interest should run from December 18, 1981, the date Shelter Mutual denied Conner's claim.

Having granted a judgment n.o.v. on the claim for unjustified denial of payment, the court need not consider Conner's request for interest on the $20,000.00 awarded on that claim.

An appropriate order will be entered.