**Sheldon TOMES, Appellant/Cross–Appellee,**

v.

**NATIONWIDE INSURANCE COMPANY, Appellee/Cross–Appellant.**

**Nos. 90–CA–1550–MR, 90–CA–2000–MR.**

Court of Appeals of Kentucky.

Nov. 8, 1991.

Discretionary Review Denied by Supreme Court April 1, 1992.

Michael A. Breen, Logsdon & Breen, Bowling Green, for appellant/cross-appellee.

J. Brent Travelstead, Campbell, Kerrick & Grise, Bowling Green, for appellee/cross-appellant.

Before HOWERTON, McDONALD and STUMBO, Judges.

McDONALD, Judge.

The appellant, Sheldon Tomes, brought this action in the Edmonson Circuit Court against the appellee, Nationwide Insurance Company. Tomes' 1979 Chevrolet El Camino was damaged in a one-car accident involving a fire hydrant on August 17, 1987. Tomes secured two estimates for repairs which totaled $1,376.30 and $1,282.88. The insurance claims adjuster for Nationwide estimated the cost of repair to be $1,014.59.

After deducting the $250 deductible contained in the policy, the insurer sent Tomes a check for $764.59, which Tomes promptly returned. Although the difference between the highest estimate obtained by Tomes and that of the adjuster amounts to less than $400, a settlement could not be reached and this suit was commenced.

In his complaint Tomes asked for $1,100 for the actual damage to his car ($1,350 less $250). He also included claims predicated on the Consumer Protection Act, KRS 367 *et seq.*, and the Unfair Claims Settlement Practice Act, KRS 304.12 *et seq.*, and thereby sought punitive damages and attorney's fees as well as the compensatory damages.

After taking Tomes' deposition, Nationwide moved to dismiss the action for lack of subject matter jurisdiction. Tomes offered no factual basis to support his claim that Nationwide's conduct fell within the parameters of either statutory scheme mentioned in the complaint. Basically the dispute was contractual in nature, the issue being whether the policy issued by Nationwide allowed the insurer to use used parts in making repairs to the damaged vehicle or whether, as Tomes argued, new parts were required. Because the difference in the amount to repair with used parts as opposed to new parts was less than the amount necessary to invoke the jurisdiction of the circuit court, Nationwide argued the case should be dismissed. The trial court's denial of the motion is the subject of Nationwide's cross-appeal.

Both parties moved for summary judgment. The trial court applied *General Accident Fire & Life Assurance Corp., Ltd. v. Judd*, Ky., 400 S.W.2d 685 (1966), and held that the insurance company was entitled to replace the damaged parts of Tomes' El Camino "with used parts of equal or greater value...." Nationwide was ordered to pay Tomes $764.59 pursuant to the terms of the policy and the complaint was dismissed.

The clause in the policy at issue concerning collision loss provides as follows:

The limit of the Company's liability for loss is the actual cash value of the automobile *or its damaged parts at time of loss*. The Company may pay any loss or repair or replace the automobile or its damaged parts.... (Emphasis added).

Tomes argues that this provision does not specifically reserve the right of the insurer to make repairs with used parts. He further contends that the policy must be liberally construed in his favor and that, utilizing the doctrine of reasonable expectations, he is entitled to have his vehicle repaired with new parts. Finally, he states that "requiring an insured to accept used replacement parts is void as against public policy."

While the *Judd* case, *supra*, does not address the issue of "new" versus "used" parts, it is, we believe, controlling. We are aware that the language in the insurance contract was somewhat more explicit in the *Judd* case in that it expressly allowed repair of parts with those of "like kind and quality." [1] In the instant case the insurance company, by the plain words of the contract, is liable to its insured to pay the value of the damaged automobile or the value of the "damaged parts at time of loss." While there is no explicit provision to use parts of "like kind and quality," there is also no provision that entitles the insured to parts any better or newer than what was on the vehicle at the time of loss. The policy provides that the appellee can either pay the cash value of the car or its parts, or repair it. *Judd* holds that, if in such a situation the insurer chooses to repair, the vehicle must be restored to "as substantially good physical condition as it was before the accident." *Id.* at 687. As in *Judd*, the options under the policy clause in question are with Nationwide, not Tomes.

Even assuming the contract provision is ambiguous, we do not understand how

1. The policy in that case read: "The limit of the company's liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality."

Tomes could reasonably expect that his eight-year-old vehicle would be repaired with new parts. Certainly the policy is clear that, if the car is destroyed, the company will not provide him with a new car but only with cash equal to the vehicle's value at the time of loss. Why then should the insurer have a different expectation about the loss of only a part of the vehicle? That the policy does not explicitly state it may make repairs with used parts does not, in our opinion, alter the clear intention of the parties that, if the car is damaged, the insurer will either pay for it or put it back together as it was immediately before the collision. Assuming the doctrine of reasonable expectations is at all appropriate, Tomes could only reasonably expect to have as good a vehicle as he had before the collision. If the vehicle had been fairly new, one could reasonably expect the use of new parts. In fact, Nationwide's policy is to use new parts in repairing vehicles that have been driven 15,000 miles or less. However, where the vehicle, as here, has depreciated considerably, it is not reasonable to expect the insurer to pay for new parts when less expensive materials can be obtained to restore the car to its former condition. Tomes can only reasonably expect what he bargained for, and that is what he got in this case.

■ Tomes does not allege that the use of a used rear fender will cause his vehicle to be less attractive or not to perform as well as before the loss. Thus there is no factual dispute to create a jury issue. The resolution of the appeal also renders moot the issue in the cross-appeal.

Accordingly, the judgment of the Edmonson Circuit Court is affirmed.

All concur.