OPINION
{¶ 1} Plaintiff-appellant, Kim Goodman, appeals from the January 22, 2002 decision and entry of the Franklin County Court of Common Pleas, sustaining defendant-appellee, Grange Mutual Casualty Company's ("Grange's"), motion for summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} Ms. Goodman was involved in an automobile accident on November 28, 1997, in New Boston, Ohio. Ms. Goodman's vehicle, a 1995 Chevrolet Camaro Z28 was damaged in the accident. The Camaro was covered under a personal automobile policy issued to Ms. Goodman by Grange.
 {¶ 3} Ms. Goodman contacted Grange and advised them that she wished to make a claim under her policy. Ms. Goodman obtained an estimate from Precision Collision, a facility in Portsmouth, Ohio, that did not work with insurance companies. Jonda Montgomery, a claims adjuster assigned by Grange, advised Ms. Goodman that, if Precision Collision did the repairs to Ms. Goodman's vehicle, she might have to pay certain costs out of pocket. Ms. Montgomery advised Ms. Goodman to take her vehicle to one of Grange's VIP shops. Ms. Goodman could not afford to pay the costs of the repairs herself, so she took her vehicle to Glockner Chevrolet, one of Grange's VIP shops, and the dealership where she purchased the vehicle.
 {¶ 4} Glockner Chevrolet performed repairs to the vehicle on several occasions, but, according to Ms. Goodman, the repairs did not bring the vehicle's condition even close to its pre-accident condition. According to Ms. Goodman's expert, even if the car were re-repaired to the best of human and technical ability (at a cost of over $9,000), its full value could not be restored. In addition to paying for the repairs, Ms. Goodman wanted Grange to pay for the "inherent diminished value" to her vehicle. When Grange refused to do so, Ms. Goodman filed the instant action on behalf of herself and a class of people she claimed was similarly situated.
 {¶ 5} Ms. Goodman's complaint defined and distinguished between several terms such as "inherent diminished value," "repairer related diminished value," and "insurer related diminished value." According to the allegations contained in her complaint, inherent diminished value "occurs because the market value of a car is decreased after it has been in an accident." (Complaint at ¶ 9.) The complaint further explained:
 {¶ 6} "IDV exists as a matter of economic reality, and exists even though a damaged automobile may have been repaired to the best of human and technical ability. IDV is to be distinguished from the failure of an automobile repair facility to properly perform repairs which is sometimes referred to as `repairer related diminished value.' IDV is also to be distinguished from situations where an insurer refuses to pay for proper repair procedures or requires poor quality imitation parts or junkyard parts to be used in the repair process. This is sometimes referred to as `insurer related diminished value.'" (Complaint at ¶ 9, n. 1.)
 {¶ 7} Ms. Goodman's complaint alleged three causes of action against Grange: first, breach of contract for refusing to compensate Ms. Goodman and those similarly situated for the IDV losses to their vehicles; second, breach of the obligation of good faith and fair dealing for concealing from its policyholders the existence of IDV and the right to recover for IDV; and third, a request for declaratory and injunctive relief seeking a declaration that Grange must fully indemnify its policyholders against loss, including payment of IDV, and an injunction requiring Grange to disclose policyholders' right to recover IDV and to act in good faith to pay the IDV losses of its policyholders. (Complaint at ¶ 29, 33, 39, 40.) Absent from the complaint were any allegations of unsatisfactory repairs or "repairer related diminished value."
 {¶ 8} After an initial status conference, the trial court put on an agreed trial order stating in pertinent part:
 {¶ 9} "* * * At that conference the parties indicated that they were in agreement that the Court should first address the legal issue of whether or not coverage for diminution in value is owed under the Grange Mutual Casualty Company insurance contract in addition to the cost of repair. * * *"
 {¶ 10} On January 25, 2000, Grange filed a motion for summary judgment claiming that Kentucky law should be applied and that Kentucky does not recognize a claim of inherent diminished value as part of an insurer's obligations under a contract of insurance.
 {¶ 11} Ms. Goodman responded, claiming that she believed Ohio law should apply, and that "[t]he repairs to Plaintiff's Car were so bad that even if the Car was re-repaired to the best of human and technical ability in a collision repair facility, pre-loss condition would still not be achieved." (Memorandum Contra of Plaintiff Goodman to Defendant's Motion for Summary Judgment filed January 24, 2000, at 3-4.) Ms. Goodman argued that the proper measure of damages for Grange's alleged breach of contract was the loss of market value of the automobile caused by the failure to repair the vehicle to its pre-loss condition. Id. at 13.
 {¶ 12} The trial court first conducted a choice of law analysis and concluded that Kentucky law applied to Ms. Goodman's claims. The trial court then examined Kentucky law and determined that "Kentucky law does not permit additional amounts to be paid for diminished value or inherent diminished value," and sustained Grange's motion for summary judgment.
 {¶ 13} This appeal followed with appellant assigning as error the following:
 {¶ 14} "I. Whether the trial court erred in granting appellee's motion for summary judgment;
 {¶ 15} "A. Whether the trial court erred in finding there was no issue of fact with respect to whether appellant's vehicle had been properly repaired;
 {¶ 16} "B. Whether an automobile insurance company can be held liable for the improper repair of an insured's vehicle when the insurance company directs that the vehicle be taken to a specific repair shop with which the insurer has a relationship."
 {¶ 17} In reviewing the trial court's ruling on summary judgment, we conduct an independent review of the record and stand in the shoes of the trial court. Motorists Mut. Ins. Co. v. Natl. Dairy Herd Improvement Assn., Inc. (2001), 141 Ohio App.3d 269, 275. Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 18} On appeal, appellant concedes that Kentucky law is the appropriate body of law to apply to her claims. We agree. Applying the Ohio Supreme Court's choice of law analysis in Ohayon v. Safeco Ins. Co. of Illinois (2001), 91 Ohio St.3d 474, we must look at the place of negotiating and contracting, the place of performance, the location of the subject matter, and the domicile of the contracting parties. In this case, the parties negotiated and contracted with respect to the Grange policy in Kentucky, the performance of the contract was Kentucky, the vehicle was garaged and maintained in Kentucky, Ms. Goodman was domiciled in Kentucky, and Grange does business in Kentucky although its principal place of business is Ohio.
 {¶ 19} On appeal, Ms. Goodman attempted to shift the focus of her argument to the inadequacy of the repairs performed by Glockner Chevrolet, and whether Grange can be held liable for the poor quality of repair done by its referral shop. Appellant contends that where, as here, an insurance contract gives the insurer the option to either pay for the loss or repair the vehicle, and the insurer elects the repair option, a separate and distinct contract of repair arises. Appellant now argues, for the first time on appeal, that her breach of contract claim includes a claim against Grange for the poor quality of repairs Glockner Chevrolet made to the vehicle. Appellant claims an issue of fact exists as to whether her vehicle was repaired adequately.
 {¶ 20} Grange argues that the only issue in the lawsuit is whether Kentucky recognizes a claim for inherent diminished value, and because there is reported appellate authority in Kentucky that holds such damages are not recognized, summary judgment was appropriate. We agree.
 {¶ 21} Under the Ohio Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the party is entitled to relief." Civ.R. 8(A)(1). The complaint need not state with precision all elements that give rise to a legal basis for recovery as long as fair notice of the nature of the action is provided. Fancher v. Fancher (1982), 8 Ohio App.3d 79, 83. "Notice pleading" under Civ.R. 8(A) and 8(E) requires that a claim concisely set forth only those operative facts sufficient to give "fair notice of the nature of the action." DeVore v. Mut. Of Omaha (1972), 32 Ohio App.2d 36, 38; Welch v. Finlay Fine Jewelry Corp. (Feb. 12, 2002), Franklin App. No. 01AP-508, unreported, 2002 WL 206047. Even under the liberal standard of notice pleading, and taking the facts of the complaint as true and construing them in Ms. Goodman's favor, we find that Ms. Goodman's complaint fails to allege a claim of inadequate repairs.
 {¶ 22} Moreover, throughout the course of this litigation, including the pretrial conference and her response to the motion for summary judgment, Ms. Goodman maintained that her claim was for the inherent diminished value of her vehicle. Although her response to the motion for summary judgment included allegations that her vehicle had not been properly repaired, Ms. Goodman steadfastly maintained that, even if a repair facility repaired the vehicle to the best of human and technical ability, she still was damaged by the diminution of her car's value by virtue of it being in an accident. Ms. Goodman claimed the proper measure of her damages was the diminished market value. Thus, the only reasonable inference that can be made from Ms. Goodman's complaint and her response to Grange's motion for summary judgment is that Ms. Goodman was claiming only that she had been damaged by Grange's failure to compensate her for the inherent diminished value of her automobile.
 {¶ 23} In General Acc. Fire Life Assur. Corp. v. Judd (1966), 400 S.W.2d 685, 687, the Kentucky appellate court found that, so long as the automobile could be put in substantially good physical condition as it was before the accident, the insurer's obligation was to pay the amount reasonably required for that purpose and no more. Thus, the plaintiffs were not entitled to recover for a restoration of value. The court stated:
 {¶ 24} "* * * It may be true, as an automobile dealer testified, that a car that has been wrecked can never be fully restored to its market value before the accident, but the insurance contract does not require a restoration of value; it requires only a restoration of physical condition. * * *" Id. See, also, Tomes v. Nationwide Ins. Co. (1991), 825 S.W.2d 284 (citing Judd with approval).
 {¶ 25} Because Kentucky law applies, and because Kentucky law does not recognize claims for inherent diminished value, the trial court appropriately granted summary judgment in favor of Grange.
 {¶ 26} Based on the foregoing, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BROWN and KLATT, JJ., concur.