**Brenda COKER, Plaintiff,**

v.

**DANIEL CONSTRUCTION COMPANY and United States Fidelity and Guaranty Company, Defendants.**

**Civ. A. No. C84–0062–BG(S).**

United States District Court, W.D. Kentucky, Bowling Green Division.

July 28, 1987.

Thomas Noe, Russellville, Ky., for plaintiff.

William J. Rudloff, Harlin, Parker and Rudloff, Bowling Green, Ky., for defendants.

SILER, Chief Judge.

This matter comes before the Court on defendants' motion for a judgment notwithstanding the verdict. After considering the record, the Court will grant defendants' motion.

## FACTS

On February 23, 1982, plaintiff Brenda Coker was injured on the job while employed by defendant Daniel Construction Company. After the defendant employer and its workers' compensation carrier, defendant United States Fidelity Insuance Company, refused to pay plaintiff's medical expenses resulting from the injury and her temporary total disability, plaintiff filed a claim with the Kentucky Workers' Compensation Board requesting that the Board order defendants to make immediate payments of her medical bills and temporary total disability benefits. At the initial hearing before the Board, the defendant employer filed false affidavits. Notwithstanding defendants' conduct, the Board on November 21, 1983, ruled in plaintiff's favor ordering defendants to pay plaintiff's medical expenses and certain disability benefits. Despite the Board's ruling, defendants for some time continued to refuse to pay plaintiff's medical expenses.

Plaintiff subsequently brought this suit for compensatory and punitive damages claiming defendants acted with bad faith and outrageous conduct in delaying payment of her medical bills and disability benefits. Pursuant to a bifurcation order, the liability portion of the case was tried before the Court without a jury. Basing its ruling particularly on the false affidavits which defendants filed before the Workman's Compensation Board, this

Court at the completion of the evidence found that defendants' actions constituted bad faith and outrageous conduct under the Kentucky cases of *Blue Cross & Blue Shield of Ky. v. Whitaker*, 687 S.W.2d 557 (Ky.Ct.App.1985), *Craft v. Rice*, 671 S.W.2d 247 (Ky.1984), and *Feathers v. State Farm Fire & Cas. Co.*, 667 S.W.2d 693 (Ky.Ct. App.1983). Accordingly, the Court found in favor of plaintiff on the issue of liability.

Thereafter, the damages portion of the case was tried before a jury. After submission of the case to the jury, a verdict was returned in favor of plaintiff and against defendants in the amount of $30,-000.00 for compensatory damages and $95,-000.00 for punitive damages. Judgment was entered thereon.

MEMORANDUM

Defendants have moved for a judgment notwithstanding the verdict. The defendants urge, *inter alia*, that the recent Kentucky Supreme Court case of *Zurich Ins. Co. v. Mitchell*, 712 S.W.2d 340 (Ky.1986), disposes of the claims made by plaintiff in this case. The Court agrees.

■ In *Zurich*, the Supreme Court of Kentucky held that as KRS 342.690 provides the exclusive remedy for the collection of workers' compensation payments, delay in payment of medical bills does not give rise to a claim of bad faith or outrageous conduct. As set forth above, plaintiff's cause of action in this case was based on claims of bad faith and outrageous conduct against her employer and its workers' compensation carrier. Plaintiff's claim at trial was principally that defendants delayed in payment of her medical bills, and, consequently, she suffered damages from such delay. Under *Zurich*, this clearly is no longer a basis for a claim of bad faith or outrageous conduct in Kentucky.

■ Plaintiff further argues that the proof at trial showed that the defendant employer tried to induce her into signing a statement saying that the injury had not occurred while she was employed at Daniel Construction Company, and that such conduct constitutes bad faith or outrageous conduct. However, even if such a conversation took place, the Court fails to see that plaintiff was injured by such conduct because plaintiff never acquiesed to signing the statement.

■ Plaintiff also argues that defendants' filing of the false affidavits which caused in part the delay in payment of her medical bills constituted bad faith and outrageous conduct. While the Court still agrees with its earlier ruling that defendants did indeed file false affidavits with the Workers' Compensation Board, such conduct does not constitute a cause of action for damages. *See Lawson v. Hensley*, 712 S.W.2d 369 (Ky.Ct.App.1986), where the Kentucky Court of Appeals held that a civil action for damages does not lie for perjury made during litigation either by a party or a witness. Further, it is clear under *Zurich*, that any delay caused by the filing of false affidavits is not grounds for suit for bad faith or outrageous conduct.

■ Plaintiff states in her supplemental brief filed June 27, 1986, that she was involuntarily terminated by her employers shortly after notifying them of her work-related injury, and that such is the basis for a cause of action for outrageous conduct. The Court agrees that under *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730 (Ky.1983); and *Pike v. Harold (Chubby) Baird Gate Co.*, 705 S.W.2d 947 (Ky.Ct.App.1986), such conduct of firing an employee in retaliation for filing a workers' compensation claim is the basis for a claim for outrageous conduct. However, plaintiff never asserted that she was wrongfully discharged or terminated because she filed a workers' compensation claim. None of plaintiff's pleadings filed before or during the trial allege this type of conduct, nor does the Court recall proof of this at the trial.

Thus, for the foregoing reasons, the Court finds that plaintiff has not set forth a cause of action against defendants. Accordingly, the Court will sustain the defendants' motion for judgment notwithstanding the verdict, set aside and vacate the jury verdict and the judgment entered thereon, and dismiss with prejudice plain-

tiff's Complaint all Amended Complaints against defendants.