980 F.2d 729
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jack K. FUSTING, Plaintiff-Appellant,
v.
LIBERTY MUTUAL FIRE INSURANCE COMPANY, Defendant-Appellee.
 No. 91-5625.
 United States Court of Appeals, Sixth Circuit.
 Nov. 30, 1992.
 
 Before RALPH B. GUY, Jr. and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Jack Fusting, appeals from the district court order granting the motion to dismiss of defendant-appellee, Liberty Mutual Fire Insurance Company ("Liberty Mutual"), in this diversity action. We affirm.
 
 I.
 
 2
 On October 4, 1988, Jack Fusting, a citizen of Kentucky, was injured while working for his employer, Gust K. Newberg Construction Company, Inc. ("Newberg"). Liberty Mutual, Newberg's insurer, paid workers' compensation benefits to Fusting from October 4, 1988, until sometime in April of 1989, when benefits were discontinued. Liberty Mutual contends benefits were discontinued because a physician had determined that Fusting's disabilities were causally unrelated to his October 4, 1988, accident. Fusting contends that Liberty Mutual breached its insurance contract in bad faith by denying benefits when it knew that there existed no reasonable basis for a denial of benefits, or acted with reckless disregard as to a reasonable basis for denial of benefits.
 
 
 3
 On or about September 12, 1989, Fusting brought suit in Kentucky state court, alleging that Liberty Mutual had breached its insurance contract in bad faith. On October 2, 1990, Liberty Mutual removed the action to federal court on the basis of diversity of citizenship and filed a Rule 12(b)(6) motion to dismiss for failure to state a claim on the basis that Fusting's action was barred under the exclusivity provisions of the Kentucky Workers' Compensation Act ("Act"), KY.REV.STAT.ANN. § 342.690 (1991), and Zurich Ins. Co. v. Mitchell, 712 S.W.2d 340 (Ky.1986).
 
 
 4
 On March 8, 1991, the district court granted the motion to dismiss and entered judgment for Liberty Mutual. On April 11, 1991, the district court granted Fusting's motion to amend and vacate the judgment pending the outcome of a parallel case then pending before the Kentucky Court of Appeals. Following the dismissal of the state litigation by the Kentucky Court of Appeals, on April 23, 1991, the district court reinstated the March 8, 1991, judgment. Fusting timely appealed.
 
 II.
 
 5
 A complaint is properly dismissed for failure to state a claim only if "beyond doubt ... the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Carver v. Bunch, 946 F.2d 451, 452 (6th Cir.1991) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972) (per curiam )). In a diversity action, this court must follow state substantive law. United States v. Anderson Cty., Tenn., 761 F.2d 1169, 1173 (6th Cir.), cert. denied, 474 U.S. 919 (1985). State substantive law includes controlling decisions by the highest state court. Id.
 
 
 6
 KY.REV.STAT.ANN. § 342.690 reads, in part, as follows:
 
 342.690 Exclusiveness of liability
 
 7
 (1) If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.
 
 
 8
 * * *
 
 
 9
 The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employes, officers or directors of such employer or carrier, provided the exemption from liability given an employe, officer or director of an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employe, officer or director.
 
 
 10
 * * *
 
 
 11
 In Zurich, supra, the plaintiff brought a claim, based on bad faith and the tort of outrage, against his employer and the employer's insurer for delay in payment of his workers' compensation claim. The trial court granted summary judgment to the employer and judgment on the pleadings to the insurer. The Court of Appeals reversed and remanded. In reversing the Court of Appeals, the Supreme Court of Kentucky stated:
 
 
 12
 This court reverses the decision of the Court of Appeals because the Workers' Compensation Act provides an exclusive remedy and consequently bars an employee's tort action for separate damages due to the untimely payment of benefits. Neither the tort of outrage, nor bad faith, applies in this situation.
 
 
 13
 K.R.S. 342.690 provides the exclusive remedy for the collection of compensation payments. An independent tort action filed by a former employee when the facts alleged demonstrate that the only conduct complained of is a delay in the payment of certain medical bills does not give rise to a claim of bad faith or outrage.
 
 
 14
 Id. at 341.
 
 
 15
 Zurich was decided only six years ago by the highest court in Kentucky and is directly on point.[1] Although the Supreme Court of Kentucky, in Zurich, acknowledged the existence of contrary decisions from other jurisdictions, the court did not express any inclination to follow these contrary decisions. Moreover, the Supreme Court of Kentucky has not questioned the holding of Zurich since it was decided. See also Coker v. Daniel Constr. Co., 664 F.Supp. 1079, 1081 (W.D.Ky.1987) (following Zurich ), aff'd without op., Coker v. Daniel Int'l Corp., 848 F.2d 189 (6th Cir.1988).
 
 
 16
 Fusting cites to Curry v. Fireman's Fund Ins. Co., 784 S.W.2d 176 (Ky.1989), in which the Supreme Court of Kentucky, in overruling Federal Kemper Ins. Co. v. Hornback, 711 S.W.2d 844 (Ky.1986), overruled by Curry, supra, held that, under limited circumstances, recovery in tort would be permitted for bad-faith breach of an insurance contract. However, Curry did not involve interpretation of the Act or its exclusivity provisions, nor did Curry overrule, or even make reference to, the Zurich decision. Fusting's arguments notwithstanding, Kentucky law is clear: With one exception not relevant here, bad-faith claims for nonpayment of workers' compensation benefits are barred by the exclusivity provisions of the Act. Therefore, Fusting's claim must fail as a matter of law.
 
 III.
 
 17
 The district court judgment is affirmed.
 
 
 
 [1]
 In Zurich, the benefits, although delayed, ultimately were paid in full. However, there is no indication in the opinion that the rule set forth therein turns on the distinction between delay in payment of benefits and denial of further benefits, as was the case here
 Moreover, although this is not essential to our decision, Zurich is both well-reasoned and consistent with the position adopted by a majority of states to have addressed this issue. See Zurich, 712 S.W.2d at 342-43 (and cases cited therein).